JOSEPH A. EBLER, PLAINTIFF-APPELLANT, v. THE CITY OF NEWARK, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.

Argued February 4, 1969—Decided July 23, 1969.

*Mr. Joseph A. Ebler,* argued the cause for plaintiff-appellant, *pro se.*

*Mr. Sanford Schneider,* Assistant Corporation Counsel, argued the cause for defendant-respondent (*Mr. Norman N. Schiff,* Corporation Counsel, attorney; *Mr. William H. Walls,* of counsel and on the brief).

PER CURIAM. This suit, commenced in the Chancery Division, is, in essence, a declaratory judgment action seeking to have declared unlawful an employment practice of defendant City of Newark concerning the allowance of holy days to Jewish members of the police department. Plaintiff, a Christian officer of the force, asked in his complaint "that the defendant refrain from its discriminatory treatment of its employees by granting equal treatment to himself and those of Christian background and placing those who are the recipients of this discriminatory treatment on the same basis as himself and other Christians".

The trial court denied relief and the Appellate Division affirmed in an unreported opinion. Plaintiff's *pro se* appeal to this court is grounded on the claim that a constitutional question is involved, *R. R.* 1:2–1(a), in that the employment practice is said to violate the establishment of religion clause of the First Amendment to the United States Constitution and sections 4 and 5 of Article I of the New Jersey Constitution. In the view we take of the case, we need not reach the alleged constitutional question nor plaintiff's further contention that the practice is violative of the state Law Against Discrimination, *N. J. S. A.* 10:5–1 *et seq.* (formerly *N. J. S. A.* 18:25–1 *et seq.*).

It may be noted in passing that there is no claim that plaintiff failed to exhaust administrative remedies. He first presented his grievance to the Division on Civil Rights, which indicated that it did not come within the statute and so declined to act, and defendant abandoned any exhaustion defense at the trial.

The record shows the following undisputed factual situation. Police protection is required in Newark, as in all communities, 24 hours a day, each day of the year. Every tour of duty must have a sufficient complement of men regardless of holidays or weekends, on which other public employees not directly concerned with the public safety customarily do not work. While members of the force ordinarily work only a set number of hours per week and do receive vacations, they must respond to the tours of duty to which they are assigned.

To compensate for this kind of work schedule, each member of the department is annually credited with the "fringe benefit" of 96 hours of so-called "accumulated overtime" — the equivalent of 12 specified paid holidays at eight hours per day — which in reality constitutes an allowance of time off with pay in lieu of holidays. Time may be taken off from assigned tours of duty only by specific request of each policeman to his superior. The action taken thereon is discretionary, dependent on the personnel requirements for

the particular day for which leave is sought. If the request is granted, the individual's "accumulated overtime" account is charged and reduced accordingly. The individual may ask for time off on a legal holiday, a holy day of his faith or for any personal reason.

The only exception to this procedure, which gives rise to this suit, is in the case of Jewish members of the department with respect to their principal holy days. For many years, the practice has been that the department's Jewish chaplain would request the release from duty of all members of that faith on Rosh Hoshanah (2 days), Yom Kippur (1 day) and Passover (3 or 4 days; the record is not clear in this regard). The request is automatically honored by the department head through the issuance of an order to that effect. The difficulty arises because these days are not charged against the "accumulated overtime" or vacation time of the Jewish department members. The blanket release of all such personnel is practically feasible because they constitute only about 3% of the total force. Conversely, it would be physically impossible to release all non-Jewish personnel on the holy days of their respective faiths — which in some cases include Saturday and Sunday and in others constitute secular holidays as well (*N. J. S. A.* 36:1-1) — and still provide adequate public protection. The effect, however, is that Jewish department members receive an additional "fringe benefit" of at least six more days off with pay than do non-Jews.

There is no suggestion that in this factual setting any administrative or other problem would arise if the time taken off for Jewish holy days were charged against the individual's "accumulated overtime" account, as is the policy in any other situation.

 In our view the question is one of the proper exercise of the power delegated to municipalities by the state. Municipalities have been granted the general power to provide for the employment and compensation of such officials and employees as may be deemed necessary for the

efficient conduct of their affairs. See *N. J. S. A.* 40:48–1(3) and 2. It is the long established rule, however, that all powers delegated to municipalities must be exercised reasonably and not arbitrarily. *Kennedy v. City of Newark,* 29 *N. J.* 178, 184–185 (1959); *Grogan v. DeSapio,* 11 *N. J.* 308 (1953); *McGonnell v. Board of Commissioners of City of Orange,* 98 *N. J. L.* 642, 647–648 (*Sup. Ct.* 1923). Under the factual pattern present here, we are convinced that it is an obviously unreasonable and arbitrary exercise of delegated power, and hence illegal, for the city to fail to charge the "accumulated overtime" accounts of Jewish members of the police department for paid time off allowed for their holy days. Plainly, all members of the force must be treated equally.

We may add that this result comports with state policy where, by executive order, the vacation time of state civil service employees is charged for those days taken for religious holidays.

The only remedy to which plaintiff is entitled is a declaration that the practice of allowing Jewish members of the department release from duty on their religious holy days without charging their respective "accumulated overtime" accounts is illegal. Since a responsible public body is involved, we see no need for an injunction to mandate compliance with that declaration.

We would expect that applications for time off for holy days would be granted as to all faiths to the extent that personnel requirements permit, but it is not to be forgotten that the public safety and welfare must have priority over all else, and that persons who take employment in police and other governmental forces requiring continuous duty to protect the public must be said to have accepted that paramount obligation with all it connotes.

The judgment of the Appellate Division is reversed and the matter is remanded to the Chancery Division for the entry of a judgment in accordance with this opinion. No costs.

*For reversal and remandment*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*Opposed*—NONE.