TOWNSHIP OF WAYNE IN THE COUNTY OF PASSAIC, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY; AND NEWTON E. MILLER, AS MAYOR OF THE TOWNSHIP OF WAYNE, WALTER JASINSKI, JAMES MINGO, ESTELLE PERRY, JOSEPH VADALA, THOMAS ELM, LEONARD PINE, DAVID WAKS, AND HARRY RUDIGER AS MEMBERS OF THE GOVERNING BODY AND INDIVIDUALLY, PLAINTIFFS, v. THE COUNTY OF PASSAIC, A BODY POLITIC OF THE STATE OF NEW JERSEY, AND BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF PASSAIC, BLOOMINGDALE BOROUGH, CITY OF CLIFTON, BOROUGH OF HALEDON, BOROUGH OF HAWTHORNE, BOROUGH OF POMPTON LAKES, BOROUGH OF PROSPECT PARK, BOROUGH OF RINGWOOD. BOROUGH OF TOTOWA, BOROUGH OF WANAQUE, BOROUGH OF WEST MILFORD, AND BOROUGH OF LITTLE FALLS, DEFENDANTS.

JOHN MAZZACCA, JR., BRIAN BERKIN, BERNARD ROGOFF, ROBERT ALTSHULER, THOMAS ELM, JR., ESTELLE PERRY, DAVID WAKS, ANN GERHOLD, ANDREW MILITELLO, BERNARD ROSEN, ALEX BROWN, PETER GARINO AND WALTER HOFFMAN, INDIVIDUALLY AND AS TAXPAYERS IN THE TOWNSHIP OF WAYNE. COUNTY OF PASSAIC AND AS REPRESENTATIVES OF A CLASS OF INDIVIDUALS WHO UTILIZE RIVERVIEW DRIVE AND ARE AFFECTED BY SAID ROUTE, PLAINTIFFS, v. PASSAIC COUNTY BOARD OF CHOSEN FREEHOLDERS, EDWARD O'BYRNE, DIRECTOR, JOSEPH F. D'ARCO, CHARLES S. DORMAN, DONALD A. FARINELLA, EDWARD GOLA, SIDNEY H. REISS, AND GEORGE J. SOKALSKI, INDIVIDUALLY AND AS A GOVERNMENTAL UNIT, DEFENDANTS.

Superior Court of New Jersey
Law Division

Decided November 21, 1973.

*Mr. Robert S. Moraff* for plaintiffs.

*Mr. Herman Osofsky,* Assistant County Counsel, for defendants County of Passaic and the Board of Chosen Freeholders (*Mr. Herman W. Steinberg,* County Counsel, attorney).

*Mr. John F. Sullivan* for defendant City of Clifton (*Mr. Arthur J. Sullivan, Jr.,* attorney).

*Mr. Lawrence T. Isenberg* for defendant Borough of Pompton Lakes.

*Mr. Uldric L. Fiore* for defendant Borough of Ringwood.

DOAN, J. S. C. These consolidated matters are before the court on cross-motions for summary judgment. At the hearing all parties agreed that the motions for summary judgment were to encompass all issues in controversy so that a full and final adjudication could be made. *R.* 4:46.

On October 5, 1972 the Township of Wayne filed a complaint in lieu of prerogative writs and for a declaratory judgment. This action challenges a policy of the Passaic County Board of Chosen Freeholders which requires that, as a condition precedent to any county improvement of a county highway, a municipality acquire and convey to the county at no cost all necessary easements or rights-of-way for that portion of a proposed road improvement within the boundaries of the municipality. In essence, the complaint seeks the following relief: (a) to declare this county policy arbitrary, capricious, and unlawful; (b) order the county to cease and desist from enforcing its policy; (c) order the county to institute appropriate proceedings to acquire the necessary property interests to improve Riverview Drive, and (d) order the county to reimburse the township for the administrative expenses and the acquisition costs for easements already acquired by the municipality along Riverview Drive and Ratzer Road.

The answers of the county and other municipalities, taken together, essentially denied the allegations of the complaint and asserted, as affirmative defenses, that road improvements are matters for the discretion of the freeholder board; that there is no arbitrariness or capriciousness involved, and that the municipal acquisition and conveyance of the easements constitute gifts to the county. The Borough of Totowa cross-claimed, substantially asserting the same claim as plaintiff as to the illegality of the county policy.

In the second case, plaintiffs, taxpayers of the Township of Wayne, individually and as representatives of a class, seek an order to compel the county to widen Riverview Drive, initiate necessary condemnation, declare the county policy unlawful, and reimburse the municipality for previously

acquired easements. These two cases were ordered consolidated on February 23, 1973.

On August 1, 1973 the Board of Chosen Freeholders adopted a resolution authorizing county acquisition of the necessary rights-of-way for the improvement of Riverview Drive in the Borough of Totowa, either by purchase or by condemnation. This resolution specifically recites that the authorized county acquisition is "a special exception for Riverview Drive in the Borough of Totowa to [the county's] previously adhered-to, long-standing policy with respect to municipal cooperation for acquisition of easements for County road widening projects."

Insofar as the county policy itself is concerned, this controversy is ripe for summary judgment. There is no factual dispute as to the existence or dimensions of that policy; the pleadings, affidavits, deposition, and the resolution of the freeholder board show clearly that the county has required municipal acquisition and conveyance of needed easements before any road improvement project is undertaken by it. The issues for determination are matters of law, not matters of fact. *R.* 4:46–2; *Judson v. Peoples Bank & Trust Co. of Westfield,* 17 *N. J.* 67 (1954); *Felbrant v. Able,* 80 *N. J. Super.* 587, 590 (App. Div., 1963). However, this controversy, insofar as it pertains to Riverview Drive in the Borough of Totowa, has been mooted by the recent resolution of the board and need not be considered further.

## I. County Road Improvements

Defendants argue that the county policy is a logical extension of the county's discretionary authority over road improvements. The New Jersey Constitution of 1947 does provide for implied powers following a grant of express authority:

The powers of counties and such municipal corporations shall include not only those granted in express terms but also those of neces-

sary or fair implication, or incident to the powers expressly conferred, or essential thereto, and *not inconsistent with* * * * *law*. [Art. IV, § VII, ¶ 11; emphasis added]

However, defendants' expansive view of the powers implied in the county's discretionary authority over road improvements is manifestly inconsistent with the plain terms of the statute which limits the county's acquisition methods to the three enumerated activities. Nor does defendants' expansive view find support in *Inganamort v. Fort Lee,* 62 *N. J.* 521 (1973), since in this case there is a specific statute, not the general police power, that empowers and delimits the authority of the county. More of that statute later.

▮ ·The County Home Rule Act of 1918 (*L.* 1918, *c.* 185) provides for the creation and general functioning of a county governing board. *N. J. S. A.* 27:16–1 (§ 1101 of the Act) authorizes a board to widen, improve, and maintain any road or highway under its control. Since this section expressly provides that a county board "shall have power" or "may" improve roads, and is part of a general authorization, this section is permissive rather than mandatory:

"May" is a permissive and not an imperative verb which is to be given its natural and ordinary meaning, barring a clear contextual indication of a different usage. The question is essentially one of legislative intent, to be gathered from the nature and object of the statute considered as a whole. * * * [*Leeds v. Harrison,* 9 *N. J.* 202, 213 (1952)]

.. Since the statute is permissive and not mandatory, the county board is invested with discretion in determining what road improvements will be undertaken; counties, like municipalities, "have a wide latitude of discretion with respect to public improvements." *Hoglund v. Summit,* 28 *N. J.* 540, 552 (1959).

▮▮ Since the county board exercises a discretionary authority, matters of public road improvements are generally beyond judicial cognizance:

The wisdom of making public improvements is not a matter for judicial investigation, and the courts will not intervene in the proceedings to bring about a public improvement in the absence of fraud or patent illegality. [*Paramus v. Bergen County*, 25 *N. J.* 492, 496 (1958)]

Likewise, the manner of the exercise of such discretion is ordinarily beyond judicial review in a proceeding in lieu of prerogative writs:

So long as [a public body] operates within the orbit of its statutory authority, it is well established that the courts will not interfere with the manner in which it exercises its power in the absence of bad faith, fraud, corruption, manifest oppression or palpable abuse of discretion. [*Newark v. N. J. Turnpike Authority*, 7 *N. J.* 377, 381-382 (1951)]

More specifically, *mandamus* is not available where discretion is exercised within the law:

The discretion beyond control by *mandamus* is that exercised under the law, and not contrary to law * * * Where there is an omission to do what the law clearly and unmistakably directs as an absolute duty, *mandamus* is an appropriate remedy. [*Reid Development Corp. v. Persippany-Troy Hills Tp.*, 10 *N. J.* 229, 237 (1952)]

■ Accordingly, to the extent that the complaint of John Mazzacca *et als.* seeks to compel improvement of Riverview Drive by order of the court, such relief is beyond the power of the court, absent a showing of fraud, illegality, or palpable abuse of discretion.

■ ■ For the same reasons that the court cannot compel a county improvement project, the court cannot compel acquisition of easements by the county. *N. J. S. A.* 27:16-2 to 4, and 42 (§§ 1102-1105 of the 1918 Act) prescribe the procedure for county authorization for a road improvement and the acquisition of necessary property interests. This procedure involves the adoption and filing of a resolution and maps, identification of interests to be acquired, publication of intention, a hearing, and adoption of a final plan. The present record does not show that the freeholders board

has commenced any such proceeding as to Riverview Drive in the Township of Wayne, or as to Ratzer Road. Thus, the board has not, as yet, decided to make any improvement to these two county roads. Since the board must decide to make a road improvement before acquiring needed easements, and since a court cannot compel a discretionary decision to make a road improvement, then *a fortiori* the court cannot compel acquisition of easements by the county before adoption of an improvement plan. To compel acquisition of easements by the county, as sought in the township's complaint, would be tantamount to compelling a road improvement by order of the court rather than through the legislatively-prescribed procedure. Likewise, since a court can compel neither a road improvement nor acquisition of easements, then it cannot compel reimbursement by the county to the township for easements already acquired by the township; to compel such reimbursement would be tantamount to compelling acquisition of easements prior to adoption of an improvement plan.

Consequently, to the extent that both complaints seek an order of the court to compel the county to acquire necessary easements and to reimburse the township for easements already acquired by it, they must be dismissed.

## II. Declaratory Judgment as to County Policy

Although the broad question of the advisability or necessity of road improvement lies within the discretion of the freeholders board and beyond judicial interference when properly exercised, the method of acquisition of needed easements presents a different situation. The issue of whether a county can require, without compensation, municipal acquisition and conveyance of needed easements before county improvement of a county road, is a question of first impression in this State. At the hearing, counsel for the defendant county stated that at least one other county in this State has the same policy.

 Generally, the affordability of declaratory judgment relief is a matter addressed to the discretion of the court, *Passaic Valley Sew. Comm'n v. Paterson,* 113 *N. J. Super.* 148, 151 (App. Div., 1971), so long as there is "an actual controversy * * * that is ripe for judicial interpretation," *Lucky Calendar Co. v. Cohen,* 36 *N. J. Super.* 300, 304 (Law Div. 1955), rev'd on other grounds 19 *N. J.* 399 (1955). In this case, the parties are in adversarial positions, the legality of a county policy is involved, and the appropriation and budgeting of governmental funds are affected. Since this policy is of long and continuing effect, this matter is "ripe" for adjudication.

*N. J. S. A.* 27:16-2 (§ 1102 of the 1918 Act) provides as follows:

The board of chosen freeholders *may acquire by purchase, gift or condemnation,* any public road, toll road, private road or byroad, or any portion thereof, or any real estate, or interest therein, for any of the purposes set forth in section 27:16-1 of this title [§ 1101 of the 1918 Act]. [Emphasis added]

Although the permissive term "may" is again used, the class of permissible activity is limited to the three allowable actions, *i. e.,* purchase, gift, or condemnation. See *East Orange v. Bd. of Chosen Freeholders, Essex Cty.,* 89 *N. J. Super.* 493, 497 (App. Div. 1965). In the context of this legislation, "may" connotes a mandatory, rather than discretionary, authorization:

The word "may" is ordinarily permissive or directory, and the words "must" and "shall" are generally mandatory. Such terms, however, have been held to be interchangeable whenever necessary to execute the clear intent of the Legislature. The problem is primarily one of ascertaining the intent of the Legislature. [*Harvey v. Essex County Board of Freeholders,* 30 *N. J.* 381, 391–392 (1959)]

As an indication of the legislative intent to restrict the board to the three enumerated actions for easement acquisition, § 1201 of the 1918 Act (*N. J. S. A.* 27:18-1) provides that

in constructing speedways a board may acquire lands "by purchase, gift or condemnation, *or otherwise*" (emphasis added) (L. 1918, c. 185, at 603). The contrast between the limited means for easement acquisition for road improvement and the broad means available for speedways shows the legislative intent to restrict the board to the three enumerated actions. Since the "powers of a county are restricted to those granted to it by statute," *Bergen County v. Dept. of Pub. Util. of N. J.,* 117 *N. J. Super.* 304, 310 (App. Div., 1971), the county policy of requiring municipal acquisition of necessary easements before the county improves a road is beyond the authorized powers of the board.

▋ Apparently aware of the mandate of the statute, defendants have asserted that the municipal acquisition and conveyance of easements constitute "gifts" to the county within the statute. Assuming that a municipality can make a gift of a property interest to the county, the initiation of this litigation and the characterization of the county policy as a "condition precedent" indicate that the requisite donative intent is not present. *In re Dodge,* 50 *N. J.* 192, 216 (1967).

The board resolution of August 1, 1973, seeks to legitimize the county policy as being authorized by *N. J. S. A.* 27:16–70. However, that section deals with municipal improvement of a county road, with cost participation by the county. The present situation is the exact opposite to that of the section; the county, not the municipality, is improving a county road. Moreover, this section requires "execution of * * * an agreement" as to the apportionment of expenses for the road improvement. The institution of this litigation indicates that there is no such agreement.

▋ ▋ Since the present county policy is not "within the orbit of its statutory authority," *Newark v. N. J. Turnpike Authority, supra,* and is an "improper scheme," *Paramus v. Bergen County, supra,* the judiciary does have the power to strike down the policy: "the bounds of the dele-

gated authority have been exceeded and it is the duty of the court to say so." *Richardson v. Caputo,* 46 *N. J.* 3, 9 (1965). Accordingly, the current county policy requiring municipal acquisition and conveyance of easements necessary for a county road improvement is contrary to law. If the county board decides to improve a county road, it can acquire the needed rights-of-way only through purchase, gift, or condemnation from the owner of the property or interest, regardless of whether the owner is a private individual or a municipal corporation.

For the foregoing reasons, summary judgment declaring the County policy contrary to law is granted. Concomitantly, summary judgment dismissing the other claims of the complaints is granted.