TOWNSHIP OF WAYNE *ET AL.*, PLAINTIFFS-RESPON-
DENTS, v. THE COUNTY OF PASSAIC *ET AL.*, DEFEND-
ANTS-APPELLANTS.

JOHN MAZZACCA, JR., *ET AL.*, PLAINTIFFS-RESPONDENTS,
v. PASSAIC COUNTY BOARD OF CHOSEN FREEHOLD-
ERS *ET AL.*, DEFENDANTS-APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued December 9, 1974—Decided December 27, 1974.

Before Judges LEONARD, SEIDMAN and BISCHOFF.

*Mr. Herman Osofsky,* Assistant County Counsel, argued the cause for appellant County of Passaic (*Mr. Martin Verp,* County Counsel, attorney).

*Mr. Robert S. Moraff* argued the cause for respondents.

PER CURIAM. ▆ In these consolidated appeals, we affirm that portion of the summary judgment entered in the trial court which declared invalid the policy of defendant county which required that, as a condition precedent to any county improvement of a section of a county highway located within the boundaries of a municipality, the municipality must acquire at its own expense and convey to the county at no cost to the latter, all necessary easements or other interest in lands. We affirm essentially for the reasons stated by the trial judge in his written opinion reported at 125 *N. J. Super.* 546 (Law Div. 1973).

▆ On the cross-appeal of the Township of Wayne, we reverse that portion of the summary judgment which dis-

missed its claim for reimbursement for easements previously acquired by it and conveyed to the county pursuant to the above-described policy. The record before us is very sparse. Before oral argument, at our request, counsel stipulated in writing that the township had in fact so conveyed property to the county without "monetary payment" to it. The record does not indicate the number of properties involved. At oral argument it was indicated that there were 80 "plus." Likewise, we find no proof as to whether the municipality acquired these properties by purchase, condemnation or gift, and if by either of the first two methods, the compensation paid therefor. Additionally, the county now asserts that the township is entitled to reimbursement from the State of New Jersey for 50% of the cost of the acquisition of such lands. Whether the municipality has sought or received such reimbursement is another pertinent fact not presently disclosed. In sum, by reason of all of the above, we conclude that the issue of the township's claim for reimbursement was not ripe for summary judgment and thus we reverse and remand for a plenary hearing.

The portion of the judgment involved in the county's main appeal is affirmed. The portion thereof involved in the township's cross-appeal is reversed and remanded for a plenary hearing. No costs to any party.