140 N.J. Super. 247 (1976)
356 A.2d 34
181 INCORPORATED, A CORPORATION OF NEW JERSEY, OAKFORD W. ACTON, JR., AND LAWRENCE W. POINT. PLAINTIFFS-RESPONDENTS,
v.
THE SALEM COUNTY PLANNING BOARD, DEFENDANT-APPELLANT, AND THE BOARD OF FREEHOLDERS OF THE COUNTY OF SALEM, DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued March 16, 1976.
Decided March 30, 1976.
*248 Before Judges HALPERN, CRANE and MICHELS.
Mr. Norman Telsey argued the cause for appellant.
Mr. Lawrence W. Point argued the cause for respondents (Messrs. Acton & Point, attorneys).
PER CURIAM.
We affirm that portion of the summary judgment of the Law Division reversing the action of defendant Salem County Planning Board (planning board) which compelled plaintiff 181 Incorporated to dedicate to Salem County (county) a portion of its land abutting a county road as a condition predecent to approval of a site plan for the construction of a law office, substantially for the reasons expressed by Judge Miller. 181 Incorporated v. Salem Cty. Planning Bd., 133 N.J. Super. 350 (Law Div. 1975).
We reverse, however, that portion of the summary judgment remanding the matter to the planning board for a determination *249 "as to whether or not said lands shall be acquired by purchase or condemnation and payment of fair value to plaintiff." The land sought to be acquired by dedication without monetary compensation to plaintiff is to be used at some future date for the widening of a county road pursuant to a master plan made and adopted by the county. See N.J.S.A. 40:27-2. The county has not acquired the land or any easement or other interest in the land, and has not widened the road. Apparently, the county has not even established a time schedule for the performance of this proposed work.
The power to widen or otherwise alter or change a county road is vested in the Salem County Board of Chosen Freeholders (board). N.J.S.A. 27:16-1. The board has a considerable degree of discretion with respect to the exercise of this power, and courts will not and should not interfere with the legislative judgment in the absence of fraud or palpable abuse of discretion. See McQueen v. West New York, 56 N.J. 18, 26 (1970); Hoglund v. Summit, 28 N.J. 540, 552 (1959); Reid Development Corp. v. Parsippany-Troy Hills Tp., 10 N.J. 229, 237 (1952); Newark v. N.J. Turnpike Authority, 7 N.J. 377, 381-382 (1951); Wayne Tp. v. Passaic Cty., 125 N.J. Super. 546, 551-553 (1973), aff'd in part and rev'd in part 132 N.J. Super. 42 (App. Div. 1974). The board has not been charged with, and the record does not reveal, fraud or palpable abuse of discretion in failing to widen the road or to set a schedule for the performance of this work. In the circumstances, the trial judge was without judicial warrant to enter an order compelling either the planning board or the county to either condemn or purchase the land and pay plaintiff the fair value thereof.
Accordingly, except to reverse that portion of the summary judgment of the Law Division remanding the matter to the planning board for a determination as to whether to acquire the land by purchase or condemnation and payment of fair value thereof to plaintiff, the summary judgment is affirmed.