555 So.2d 1319 (1990)
HERNANDO COUNTY, Florida, Appellant/Cross-Appellee,
v.
BUDGET INNS OF FLORIDA, INC., Appellee/Cross-Appellant.
No. 89-516.
District Court of Appeal of Florida, Fifth District.
January 25, 1990.
Peyton B. Hyslop, Chief Asst. County Atty., Brooksville, for appellant/cross-appellee.
John E. Norris of Norris & Kolberlein, P.A., Lake City, for appellee/cross-appellant.
GOSHORN, Judge.
Hernando County appeals the summary judgment entered in favor of Budget Inns of Florida, Inc. Budget cross-appeals. Both parties raise issues meriting discussion.
Budget owns property in Hernando County contiguous to an arterial highway. Hernando County ordinance 86-8 provides that developers adjacent to major arterial highways are required to provide, at their expense, a frontage road from property line to property line, parallel to the arterial highway "upon demonstration of need and demand by the County." Budget submitted plans to Hernando County for construction of a motel on its property, but refused to construct a frontage road. In turn, Hernando County refused to give Budget a building permit. Upon reconsideration, Hernando County determined that no present need existed for the road, but then conditioned the grant of a building permit upon Budget promising to build a frontage road should Hernando County find a need for such road at any time in the future.
Budget refused to apply for the building permit under the required condition and filed a three-count complaint requesting the following relief:
1. Count I  to enjoin enforcement of the ordinance or a declaration of its rights.
2. Count II  to enjoin the County from charging an impact fee because the County held up the application process, thereby subjecting Budget to an impact fee not enacted at the time Budget applied for the permit.
3. Count III  damages for a temporary taking of land by unlawfully denying Budget the use of its land.
Budget filed a motion for summary judgment on Count I, and partial summary judgment on liability on Count III.
*1320 The trial court found the ordinance constitutional, entered a final summary judgment on Counts I and II (but not Count III),[1] fashioned a remedy requiring Budget to include the frontage road on the motel building plans and gave Hernando County up to five years to show a need for the road or forfeit all rights to it.[2] The court also denied Hernando County the right to require the impact fee.
The pivotal issue in this case concerns the constitutionality of the ordinance as applied to Budget; that is, whether Hernando County can constitutionally require Budget to promise to build a frontage road at any time in the future, where, as here, Hernando County has determined that no present need for the road exists. We hold that in this case, it cannot.
Hernando County's requirement that Budget show the frontage road on its building plans as a precondition to the issuance of a building permit, where admittedly no present need for the road exists and without any showing that there will be a need in the reasonably immediate future, constitutes an impermissible attempt to "bank" Budget's land without compensation. Presumably this obligation would continue in perpetuity. In a similar case, our sister court adopted a "nexus" test in determining whether a compulsory dedication is valid. Lee County v. New Testament Baptist Church, 507 So.2d 626 (Fla. 2d DCA), cert. denied, 515 So.2d 230 (1987). We approve of that decision and likewise adopt the language in 181, Inc. v. Salem County Planning Board, 133 N.J. Super. 350, 336 A.2d 501, 506 (N.J. Super.Ct.Law Div. 1975), affd. in part, reversed in part on other grounds, 140 N.J. Super. 247, 356 A.2d 34 (App.Div. 1976):
In short, for the nexus test to apply, thus making a compulsory dedication constitutionally valid, the nexus must be rational. This means it must be substantial, demonstrably clear and present. It must definitely appear that the proposed action by the developer will either forthwith or in the demonstrably immediate future so burden the abutting road, through increased traffic or otherwise, as to require its accelerated improvement. Such dedication must be for specifically and contemplated immediate improvements  not for the purpose of "banking" the land for use in a projected but unscheduled possible future use.
Id. at 629. We find that the condition imposed by Hernando County fails the nexus test and is thus unconstitutional as applied.[3] It follows that the court should have granted Budget's motion for partial summary judgment on Count III as to liability for the temporary taking of Budget's land by unlawfully denying it the use of its land.
In summary, upon remand the trial court is directed to enjoin the enforcement of the ordinance against Budget, to grant partial summary judgment as to liability against Hernando County for the temporary taking of Budget's land, and to order Hernando County to issue the building permit to Budget without the condition that Budget provide for the frontage road. Upon proper motion by Budget, the court may consider *1321 the propriety of enjoining Hernando County from charging an impact fee.
REVERSED and REMANDED.
DAUKSCH and COWART, JJ., concur.
NOTES
[1] Hernando County contends disputed material issues of fact remain precluding summary judgment. Hernando points to no specific fact in controversy, but merely alleges that such fact exists. This bare allegation is insufficient. Landers v. Milton, 370 So.2d 368 (Fla. 1979). Summary judgment was proper as to Count I. The court erred, however, by entering summary judgment as to Count II since the motion did not seek judgment on that claim.
[2] Hernando County urges that the trial court lacked authority to order a five year cap on the time available for Hernando County to determine the need for the frontage road. However, for the reasons stated infra, we are not required to decide this issue.
[3] In appropriate cases a governmental unit may place conditions on the issuance of a building permit if the condition furthers a public purpose related to the permit requirement. Paradyne Corp. v. State, Dept. of Transportation, 528 So.2d 921 (Fla. 1st DCA), review denied, 536 So.2d 244 (1988). In the case at bar there is no relationship between the building permit and the inclusion of a frontage road on Budget's proposed building plans.