725 A.2d 103

KATHERINE M. BOUNDS, CAROLE E. LANNI, AND ANDREW BILLEK, PLAINTIFFS–APPELLANTS, v. EILEEN PROSPERO, AS ADMINISTRATIVE SECRETARY OF THE HUDSON COUNTY BOARD OF CHOSEN FREEHOLDERS, BOARD OF CHOSEN FREEHOLDERS OF HUDSON COUNTY, AND THE COUNTY OF HUDSON, DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued December 2, 1998—Decided March 12, 1999.

Before Judges BAIME, CONLEY and A.A. RODRÍGUEZ.

*Kathleen A. Mazzouccolo* argued the cause for appellants.

*Mark E. Morchel,* Deputy Hudson County Counsel, argued the cause for respondents (*Francis DeLeonardis,* Hudson County Counsel, attorney).

The opinion of the court was delivered by

RODRÍGUEZ, A.A., J.A.D.

The issue presented in this appeal is whether a public employee who is eligible to receive a non-contributory pension pursuant to the General Non–Contributory Pension Act, *N.J.S.A.* 43:8B–1 to –15, is disqualified by virtue of having joined and then withdrawn from a voluntary contributory pension fund. We hold that such employees are eligible to apply for a non-contributory pension.

Plaintiffs, long-time employees of Hudson County's Department of Human Services, appeal from a summary judgment dismissing their complaint against Hudson County, its Board of Chosen Freeholders (Board), and Eileen Prospero, the Board's Adminis-

trative Secretary (collectively "the County"). We reverse and remand.

Plaintiffs were hired prior to December 1973. In December 1973, the Legislature enacted *N.J.S.A.* 43:10–1.5, requiring that all future employees of certain sized first class counties (including Hudson) must join the Public Employees' Retirement System (PERS), a contributory pension fund. This section of the statute extended PERS membership to county employees not previously covered in the state retirement system. Current county employees were not required to join PERS, although they had the option to do so. Pursuant to *N.J.S.A.* 43:10–1.5, Hudson County adopted an implementing resolution and notified its current eligible employees that if they wished to join this contributory pension fund, they must do so by April 1, 1974, or be forever precluded.

During the application period, each plaintiff opted to join the contributory pension fund. Later, each plaintiff withdrew from the fund for personal reasons. Each received a refund of his or her contributions. Each remained a county employee.

In 1993, the Legislature relaxed the requirements of the Non–Contributory Pension Act by authorizing an Early Retirement Incentive Program.[1] This program allowed public employers to grant eligible employees an additional five years of service credit under PERS. *Ibid.* The criteria for eligibility under the incentive program includes being at least fifty years old and having at least twenty-five years of service credit. *Ibid.* Each plaintiff filed a timely application to receive a non-contributory pension. The County denied the applications on the ground that each plaintiff had been a member of a contributory pension from which each eventually withdrew.

The County relied on a memorandum written by the Board's counsel which stated that employees who had withdrawn from a

---

[1] This legislation was not codified. *See* Act of Jun. 14, 1993, *Ch.* 138, 1993 N.J. Sess. Law Serv. 562 (concerning retirement benefits for certain employees of public employers other than the State).

contributory pension fund could not thereafter receive a non-contributory pension. The memorandum asserted that,

> An employee will not be eligible for a non-contributory pension (early retirement or regular) if they were previously a member of the County Pension Fund and withdrew from that fund.

> The Non–Contributory Pension Law (*N.J.S.A.* 43:8B–2) excludes employees who are or were members of a pension fund (including the County Pension Fund). Resolutions adopted by the Board of Freeholders in 1956 and thereafter, consistently excluded anyone who was a member of a pension fund from receiving benefits.

> Neither the Statute nor the Resolutions adopted by the Freeholders pursuant to the Statute permitted a person to withdraw funds, at any time, from the County Pension Fund and then become eligible to receive a non-contributory pension. The time or date of withdrawal is immaterial.

One of the plaintiffs, Bounds, sent a letter to the Division of Pensions. However, the Division replied that it had "no jurisdiction or administrative authority over the operation of a county pension fund."

The three plaintiffs filed complaints in an action in lieu of prerogative writs to compel the County to grant them a non-contributory pension. While this action was pending, the County granted plaintiffs a hearing. After a hearing, the Board again denied plaintiffs' request for a non-contributory pension.

Thereafter, in the Law Division action, both sides moved for summary judgment. The judge issued a letter opinion granting summary judgment to the County and dismissed the complaints.

Plaintiffs appeal, contending: (1) they are eligible to receive a non-contributory pension; (2) they were never required by law to join a contributory pension fund; (3) the County's policy is preempted by legislative intent; (4) the denial of plaintiffs' applications violates the equal protection and due process provisions of the State and Federal Constitutions, and (5) plaintiffs are entitled to discovery regarding the County's actions on other applications for non-contributory pension benefits. Because we agree with the first and second contentions, it is unnecessary to reach the remaining issues.

We begin our analysis with a review of the evolution of New Jersey pension statutes. In 1953 and again in 1954, the Legislature established a Commission to study the plethora of existing non-contributory public pension systems. The goal was to simplify the various systems. In its report, the Commission acknowledged the salutary purpose of non-contributory pensions:

> The intent is to make pension benefits available to long-term employees who are not members of contributory retirement system[s]. Such acts are generally known as "Old and Faithful Acts", referring to the concept of affording pension benefits in recognition of long and faithful public service.
>
> [Report of Commission on Non–Contributory Pensions (1954).]

The Commission cautioned that the proposed act should not extend its benefits "to any public employee who was required by law to join a contributory retirement system but who failed to do so. Such a person has evaded a legal retirement." *Id.* at 3–4. To award a non-contributory pension to such a person, the Commission observed, "would amount to rewarding him for evading the law and would be to discriminate against all other employees who joined the contributory system in compliance with the law." *Id.* at 4. The Commission also considered whether non-contributory pension benefits "should be available at all to any person who at any time, had the option of joining a pension fund and decided not to do so[?]" The Commission answered that question affirmatively:

> A study of the contributory retirement systems reveals that as a general rule upon their coming into effect in a specific governmental unit, all employees then employed had the option of joining or not joining. Thereafter, all new employees meeting the qualifications specified by law had to join the retirement system. Periodically, the doors of membership were opened to the original employees on a permissive basis. *In rejecting membership in the beginning and at various times thereafter, these employees chose to rely upon eventually qualifying for benefits under some non-contributory act.* To remove the availability of non-contributory benefit from such persons at the present time would cause considerable hardship. Even if the doors of the retirement systems were opened once again, the cost of building up credit for past years of service would be very great.
>
> [*Ibid.* (emphasis added).]

Based on this report, the Legislature enacted the General Non-contributory Pension Act, *N.J.S.A.* 43:8B–1 to –15, as a substitute for all existing laws governing non-contributory pensions.

Here, the County maintains that plaintiffs are ineligible for a non-contributory pension by virtue of *N.J.S.A.* 43:8B–2 which provides that,

> Any employee who is not a member of and was not required by law at the time of appointment or employment, or at any time thereafter, to become a member of a contributory retirement system, may, at the discretion of his employer, be retired and granted a pension under the provisions of this act. No employee shall receive a pension under this act, if he is eligible to receive a pension for the same employment under any other law of this State.

The County argues that this section renders ineligible those employees who had been members of a contributory pension fund but had withdrawn.

We agree with the plaintiffs' position that such a reading is contrary to the plain language of *N.J.S.A.* 43:8B–2. That section limits eligibility for a non-contributory pension to one "who is not a member of and was not required by law at the time of appointment or employment, or at any time thereafter, to become a member of a contributory retirement system." The section does not exclude from eligibility persons who withdrew from a voluntary, contributory pension fund. In effect, the County's construction of *N.J.S.A.* 43:8B–2 would add to the statute an eligibility criterion that the Legislature did not include.

It is undisputed that plaintiffs were not members of a contributory system at the time of their application for a non-contributory pension in 1993. Each had withdrawn many years before. It is also undisputed that they were not required to join the contributory pension fund at the start of their employment. However, the County argues that at one point during their employment, plaintiffs were required to join the contributory pension fund. The County relies on the Board's January 1974 resolution which declared that "[a]ll future employees of the County of Hudson, as a condition of their employment, shall become members of [PERS]." We conclude that by its express, unambiguous terms, the resolution applies to future, not current, employees. Thus, neither the resolution nor *N.J.S.A.* 43:10–1.5 required that plaintiffs join PERS at any time.

It is true that plaintiffs here chose to join the Hudson County Pension Plan and later withdrew. But once they withdrew, they had the same status as those who had the option to join but did not. By exercising their option, plaintiffs did not become employees who were "required by law" to join a contributory pension system. Therefore, plaintiffs' withdrawal did not render them ineligible for a non-contributory pension pursuant to *N.J.S.A.* 43:8B–2.

The Commission Report supports two conclusions. The Report acknowledges that the choice not to join need not be fixed at any single time: "In rejecting membership in the beginning *and at various times thereafter,* these employees chose to rely upon eventually qualifying for benefits under some non-contributory act" (emphasis added).

■ The County also argues that the phrase "at the discretion of his employer" in *N.J.S.A.* 43:8B–2 would permit it to deny plaintiffs' applications for public policy reasons. While we agree that the grant of a pension application under the statute is discretionary, there was no exercise of discretion involved in the rejection of plaintiffs' applications. Those applications were rejected because of an incorrect analysis of the statutory criteria for eligibility. A public body may not exercise statutory discretion in such a way as to impose criteria that are more onerous than those set forth in the enabling legislation itself. *Wagner v. City of Newark,* 24 *N.J.* 467, 474, 132 *A.*2d 794 (1957). As we have said, plaintiffs met the basic statutory criteria for consideration of their pension applications.

■ We hold that plaintiffs are eligible to apply for a non-contributory pension because they were not members of, nor were they required at any time to be members of, a contributory system. However, as we have acknowledged, *N.J.S.A.* 43:8B–2 affords the County discretion to deny applications, even when eligibility prerequisites have been met. The County must review the application and exercise its discretion in a manner that is not arbitrary, capricious or unreasonable. *Ebler v. City of Newark,* 54 *N.J.* 487, 490–91, 256 *A.*2d 44 (1969); *West Point Island Civic*

*Ass'n v. Township Comm.,* 54 *N.J.* 339, 346–47, 255 *A.*2d 237 (1969); *181 Inc. v. Salem County Planning Bd.,* 140 *N.J.Super.* 247, 249, 356 *A.*2d 34 (App.Div.1976). One of the factors that should inform that discretion is uniform treatment of all those eligible. *Ebler, supra,* 54 *N.J.* at 490–91, 256 *A.*2d 44.

In this respect, we wonder whether a rational distinction between employees who chose not to join a contributory pension and employees who joined but chose to withdraw, as permitted by law, could be justified. It is not readily apparent to us that the County, in the exercise of its discretion, could disparately treat those employees who never joined and those who did but later withdrew. But we leave this to the County to decide in the first instance.

Accordingly, the judgment of the Law Division is reversed. The matter is remanded to the County for reconsideration of plaintiffs' applications because the County applied an eligibility test which is not supported by the language, purpose or history of *N.J.S.A.* 43:8B–2.

Reversed and remanded. We do not retain jurisdiction.