123 N.J. Super. 304 (1973)
302 A.2d 552
HOWARD HARRIS, JR. AND WILLIAM E. FOWLER, PLAINTIFFS-APPELLANTS,
v.
THE SALEM COUNTY PLANNING BOARD AND THE BOARD OF FREEHOLDERS OF THE COUNTY OF SALEM, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued March 12, 1973.
Decided March 30, 1973.
*305 Before Judges COLLESTER, LEONARD and HALPERN.
Mr. Oakford W. Acton, Jr. argued the cause for appellants (Messrs. Acton & Point, attorneys).
Mr. William C. Horner argued the cause for respondent-cross appellant, Salem County Planning Board.
Mr. George S. Friedman filed a statement in lieu of brief on behalf of respondent, the Board of Freeholders of Salem County.
Messrs. Archer, Greiner & Read filed a brief amicus curiae on behalf of Exxon Company, U.S.A.
*306 PER CURIAM.
The cross-appeals from the summary judgment here involved present the following issues: (a) is that part of the County Planning Act (N.J.S.A. 40:27-6.2) constitutional which permits boards of chosen freeholders to adopt procedures and standards to compel those seeking subdivision approval to dedicate a portion of their lands abutting a county road so as to conform with the county master plan, and (b) can plaintiffs maintain this prerogative writ action without first exhausting their administrative remedies?
Plaintiffs contend N.J.S.A. 40:27-6.2 is unconstitutional because it is a taking of their property without just compensation, contrary to N.J. Const. (1947), Art. IV, § IV, par. 3, and Art. I, § 20. They further contend the subdivision review resolution adopted by the board of freeholders, as authorized by N.J.S.A. 40:27-6.2, "is illegal and ultra vires on its face and in its application" because it does not comply with the standards specified in the statute.
Defendants contend the County Planning Act authorizes and permits the county to constitutionally require dedication of sufficient lands abutting county roads to comply with its master plan, without paying compensation therefor whenever a subdivision is sought. They further contend the subdivision review resolution complies with the standards fixed in the enabling statute. Finally, they contend plaintiffs' prerogative writ action is premature since they have not exhausted their administrative remedies as required by R. 4:69-5 and section V of the Salem County subdivision review resolution.
The facts in this case are not in serious dispute, and we will not repeat them as they are accurately and fully enunciated in the trial judge's opinion, and we incorporate them herein by reference. We emphasize only that this was a request for a minor subdivision wherein plaintiff Harris sought to sell a 4.10-acre parcel containing a dwelling house and outbuilding to plaintiff Fowler out of a 68-acre tract. This is not a case where plaintiffs sought a subdivision to create lots on which buildings were to be erected.
*307 We agree with the trial judge that the County Planning Act, and in particular N.J.S.A. 40:27-6.2, is constitutional. However, we do not agree that in every case the county planning board may require dedication of lands for rights of way along county roads without paying just compensation to the owners.
Generally speaking, the constitutionality of the County Planning Act (N.J.S.A. 40:27-1 et seq.) rests upon the same legal principles as those enunciated in construing the Municipal Planning Act (N.J.S.A. 40:55-1.1 et seq.). Under the latter statute a municipality is empowered to compel a subdivider to install, within the subdivision, streets and other designated improvements. We interpret the cases hereinafter cited as authorizing a municipality to compel a subdivider to install off-site improvements and to pay so much of the cost thereof which bears a rational nexus to the needs created by and benefits conferred upon the subdivision. Brazer v. Mountainside, 55 N.J. 456, 465-468 (1970); Longridge Builders, Inc. v. Planning Board, Princeton Tp., 52 N.J. 348, 350 (1968); Princeton Research Lands, Inc. v. Princeton Tp. Planning Bd., 112 N.J. Super. 467 (App. Div. 1970), certif. den. 57 N. J 291 (1971).
Similar, if not greater, powers are given counties under the County Planning Act. In the instant case, conditioning subdivision approval upon a 16-1/2-foot irrevocable dedication for a distance of 450 feet along Marlton Road, is at least as much a taking as requiring a subdivider to make and pay for off-site improvements which may benefit the subdivision as well as the general public. Unfortunately, no proofs were presented by either plaintiffs or the county to show to what extent, if any, the required dedication comported with the county's master plan for roads, what uses were to be made of the road and the remaining lands by the subdivider, or what needs were created by and benefits conferred upon the subdivision. Section IV of the county subdivision review resolution, adopted pursuant to N.J.S.A. 40:27-6.2, anticipated that there might be various *308 instances where the county planning board would not be justified in requiring a right of way dedication where a hardship existed, or where the subdivision created no added burden to the county. Under such circumstances, the county planning board was authorized to waive or adjust the dedication requirement. If waived, and thereafter the county decided to widen the existing road, it would have to condemn and pay for what land it took. The planning board urged plaintiffs to make such application for a waiver, but for reasons best known to plaintiffs they refused to do so and brought this prerogative writ suit based on an alleged unconstitutional taking.
This brings us to the issue of exhaustion of remedies. The County Planning Act and the subdivision review resolution adopted by the county in conformity therewith, when considered together provided the means and procedure to compel dedication and relief therefrom when warranted. Thus it complies with due process requirements. The anticipated problems a subdivision will create for a county when it is approved and completed, and the benefits it will derive therefrom, are best left in the first instance to the county planning board. The board is on the scene, is familiar with the local problems and plans, and can better understand the proffered proofs. Therefore, we are of the opinion that, since the issues are factual rather than legal, and justice does not require otherwise, plaintiffs must first exhaust their administrative remedies before seeking relief in the courts. R. 4:69-5; see also Mutual Home Dealers Corp. v. Comm'r of Banking and Insurance, 104 N.J. Super. 25 (Ch. 1968), aff'd 55 N.J. 82 (1969).
Since this case is one of first impression under the County Planning Act, and we are in unchartered procedural waters, we think it just to give plaintiffs an opportunity to apply for relief to the county planning board as hereinbefore indicated. We suggest plaintiffs supplement their original application for subdivision approval and request relief from the county planning board's automatic rule requiring *309 a right of way dedication in all subdivision applications where county roads are involved. While the automatic rule appears harsh at first blush, it is a practical approach to the many problems presented on subdivision applications. There is nothing unreasonable in requiring a subdivider to bear the burden of coming forward with proofs when seeking relief. If plaintiffs fail to apply for relief by May 1, 1973, the judgment below dismissing their complaint will be affirmed for the reasons set forth herein.
If plaintiffs seeks the relief herein suggested by May 1, 1973, the county planning board shall take proofs and determine whether the requested minor subdivision justifies the compelled dedication, or whether the county be relegated to a possible future condemnation.
Remanded in accordance herewith. Jurisdiction is not retained.