230 N.J. Super. 160 (1989)
553 A.2d 44
MILL RACE, LTD., A NEW JERSEY PARTNERSHIP, PLAINTIFF-APPELLANT,
v.
MAYOR & TOWNSHIP COMMITTEE OF BERNARDS TOWNSHIP, BERNARDS TOWNSHIP PLANNING BOARD, AND COUNTRY PLACE ASSOCIATES, A NEW JERSEY PARTNERSHIP, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued December 13, 1988.
Decided January 27, 1989.
*161 Before Judges DREIER, HAVEY and BROCHIN.
Roy E. Kurnos argued the cause for appellant (Murphy, Kurnos, Nish & Jabbour, attorneys; Raymond S. Papperman, on the brief).
Howard P. Shaw argued the cause for respondent Mayor & Township Committee of Bernards Township (Schenck, Price, *162 Smith & King, attorneys; Howard P. Shaw and Anthony F. Della Pelle, on the brief).
Arthur H. Garvin, III argued the cause for respondent Bernards Township Planning Board (Kerby, Cooper, English, Schaul & Garvin, attorneys; Arthur H. Garvin, on the brief).
The opinion of the court was delivered by DREIER, J.A.D.
Plaintiff, Mill Race, Ltd., appeals from the dismissal of its Law Division complaint on the basis that its claim was barred by the entire controversy doctrine.
For an understanding of this matter we must of necessity review the earlier suit urged here as a bar, N.J. Bldrs. Ass'n v. Bernards Tp., 211 N.J. Super. 290 (Law Div. 1985), aff'd 219 N.J. Super. 539 (App.Div. 1986), aff'd 108 N.J. 223 (1987). In the earlier action, New Jersey Builders Association attacked a Bernards Township zoning ordinance requiring developers to contribute to an off-site improvement fund. Judge D'Annunzio in the Law Division determined that the ordinance was ultra vires, since it exceeded the Legislative grant expressed in N.J.S.A. 40:55D-42. In our affirmance for the reasons stated in Judge D'Annunzio's opinion, we further declined to order the judgment to be of only prospective application. The Supreme Court affirmed in an opinion which also specifically noted that "the invalidation of the ordinance should not be limited to prospective application only." 108 N.J. at 238
In the earlier action, the plaintiffs were stated to be New Jersey Builders Association, and Builders Association of Somerset and Morris,
trade organizations consisting of builders and developers, some of whom allegedly own property in Bernards Township that they intend to develop. Plaintiff Mill Race Limited is a purchaser of land in the Township that has since been developed. [108 N.J. at 227].
Plaintiff Mill Race has asserted in arguments before us that the builders' associations, rather than individual builders, brought suit in the earlier action in order to avoid retaliation against *163 particular developers who might have sought later municipal approvals. Mill Race was added as a party plaintiff only so that the action could further be prosecuted as a taxpayer action, since plaintiff owned property in the community. Plaintiff is not a builder.
Prior to 1981, plaintiff contracted to purchase property in Bernards Township. On March 29, 1982 plaintiff sold its right to the land to Country Place Associates (through an affiliate of Country Place) by an agreement which provided for an offset for amounts paid by the purchaser for sewer connection fees, additional assessments and the disputed off-tract contributions, if the amount of such combined fees exceeded $2,400 per unit. Country Place then undertook development of the property and obtained preliminary and final site plan approvals to construct 150 multi-family condominium units in 19 buildings on this site. After payment of all fees, including the off-site improvement fees required by the disputed ordinance, the purchase price of the land from plaintiff was reduced by $139,950, the amount of plaintiff's claim in this action.
The Law Division opinion in the N.J. Bldrs. Ass'n case was rendered February 25, 1985. Less than two weeks later, on March 8, 1985, plaintiff, as the assignee of Country Place,[1] requested a refund from the Township. When the Township refused to refund the fees, plaintiff filed its complaint on April *164 1, 1985, demanding the return of the off-tract improvement fees, with interest.
Until Mill Race obtained the assignment of Country Place's refund claims, it had no direct claim against Bernards Township for the return of any funds. Its sole claims had been against Country Place on the bases that Country Place had departed from the original site plan, or in the event Country Place obtained a refund from the municipality, that Country Place must return the offset which no longer would be warranted. Neither of these claims could have been asserted in the N.J. Bldrs. Ass'n suit, since they were not claims against Bernards Township. Any such direct claim by Mill Race was therefore not barred by the entire controversy doctrine. When plaintiff's claims against Country Place were settled in the early stages of this action (when Mill Race accepted the assignment of Country Place's claims for a refund of the charges that had been paid to Bernards Township), plaintiff's position changed. We therefore must consider Mill Race's position as the successor in interest to Country Place and determine whether these assigned claims were required to have been asserted in the N.J. Bldrs. Ass'n action.
The entire controversy doctrine mandated by R. 4:27-1(b) "requires all aspects of one party's controversy with the other to be included within the litigation...." Pressler, Current N.J. Court Rules, Comment 3 to R. 4:27-1 (1988). See also Mori v. Hartz Mountain Development Corp., 193 N.J. Super. 47, 55-56 (App.Div. 1983). As noted in Falcone v. Middlesex Cty. Med. Soc., 47 N.J. 92, 94 (1966):
[E]lemental considerations of fairness to the other party and the urgent need for eliminating the delay and wastage incident to the fragmentation of litigation dictated that all of the aspects of the plaintiff's controversy with the defendant be included within his legal proceeding.
And see Schnitzer & Wildstein, N.J. Rules Service, A IV-933-941 (1957). The import of this rule is to require the assertion of all existing claims by one party against another, a situation to be distinguished from the assertion of sequential claims, i.e., *165 where a second remedy is available only after another claim has been adjudicated. This latter situation is governed by R. 4:27-2 which permits, but does not require, successive claims to be asserted in a single action. See, Pressler, Current N.J. Rules, Comment 3 to R. 4:27-1 (1988): "Note ... that the [entire controversy] doctrine has been held not to apply to claims covered by R. 4:27-2." And see Central Penn Nat'l Bank v. Stonebridge Ltd., 185 N.J. Super. 289, 309-310 (Ch.Div. 1982); Schnitzer & Wildstein, N.J. Rules Serv., A IV-949 (1957) (noting that the rule "is permissive and not mandatory").
In Mori v. Hartz Mountain Development Corp., supra, we noted that some of the purposes of the entire controversy doctrine are:
to eliminate delay, prevent harassment of a party and unnecessary clogging of the judicial system, avoid wasting the time of parties and effort of parties and promote fundamental fairness. [193 N.J. Super. at 56].
Are any of these aims fostered by requiring that plaintiff's assignor's claim for the return of fees paid be asserted in the earlier litigation? We think not. The initial claim was solely to challenge the validity of the ordinance under which the fees had been paid. The plaintiff Association could have assumed that upon a successful conclusion to the action its members and any other aggrieved developers would have received any refunds to which they may have been entitled, without further action on their part. In Re Fees of State Bd. of Dentistry, 84 N.J. 582, 587-588 (1980). Only when these payments were not forthcoming did the individual claimants have an opportunity to exercise their derivative rights to claim a refund from the municipality.[2] *166 Plaintiff's correlative argument is that until the ordinance was overturned, it and others similarly situated were required to grant the ordinance its presumptive validity. If builders wished to build, the fees had to be paid; and they were paid in varying amounts by plaintiff's assignor from November 10, 1982 through March 28, 1984.
The fact that the initial suit was instituted by the trade association rather than any of its members further militates for the enforceability of the separate claim here asserted by plaintiff. In fact, a membership association may not assert its members' individual damage claims. Travel Agts. Malpractice Action Corp. v. Regal Cul. Soc. Inc., 118 N.J. Super. 184, 190 (App.Div. 1972), certif. den. 60 N.J. 353 (1972). Plaintiff's assignor was not a party plaintiff in the initial litigation, and the Supreme Court found that the Association had sufficient standing to challenge the ordinance. U.S.A. Chamber of Commerce v. State, 89 N.J. 131, 141 (1982); Mortgage Bankers Ass'n of N.J. v. N.J. Real Estate Com'n., 200 N.J. Super. 584, 599 (App.Div. 1985), rev'd on other grounds 102 N.J. 176 (1986). However, we know of no mandatory joinder of parties rule requiring plaintiff's assignor to have joined in the suit. We see the situation before us as being little more than the equivalent of a shareholder's individual claim which, although it may be joined with a shareholder derivative action to establish the right to recompense, need not be so joined until the general right has been established.[3]
*167 Additionally, both this court and the Supreme Court in the N.J. Bldrs. Ass'n case stated that the effect of the decision was not merely prospective. As the decision did not merely bar future payments, there was a clear implication that the payments required by the ordinance would be held inapplicable to the builders associations' current members and those similarly situated. Furthermore, in assessing refund claims here, we see no "issue of severe disruption of governmental policies," Automatic Merchandising Council v. Edison Tp., 102 N.J. 125, 131 (1986), in which case reimbursement might be limited. In such a case the effect of the court's determination might be prospective only. See Salorio v. Glaser, 93 N.J. 447, 465-467 (1983), cert. den. 464 U.S. 993, 104 S.Ct. 486, 78 L.Ed.2d 682 (1983). The Supreme Court's rejection of a prospective-only application of the N.J. Bldrs. Ass'n opinion sets this argument to rest. It is also difficult to read the statement in the Supreme Court's opinion acknowledging the pendency of plaintiff's present action[4] as anything but a realization that there were viable refund claims which could be made by those who had paid fees to the Township under the overturned ordinance.
For all of the reasons stated, we determine that plaintiff's claim as assignee for a refund from the Township was not barred by the entire controversy doctrine.[5]
We must next treat defendant's claim that plaintiff's refund was barred by the 45-day limitation of R. 4:69-6 or by the *168 one-year limitation in N.J.S.A. 40:55D-42. Neither defense has merit.
The 45-day bar of R. 4:69-6 applies to actions in lieu of prerogative writs, and requires that the matter be commenced within "45 days after the accrual of the right to the review, hearing or relief claimed." It is further subject to enlargement under R. 4:69-6(c) "where it is manifest that the interest of justice so requires." We have already determined earlier in this opinion that plaintiff's assignor's claim was successive to that of the Builders Association in overturning the ordinance. The right to claim a refund therefore did not accrue until the municipality failed to return the payments made under the voided ordinance. The complaint here was filed within days of Judge D'Annunzio's decision and years prior to the time the decision became final after appellate review. We therefore disagree with the trial judge that the action was barred under the 45-day rule of R. 4:69-6.
We likewise disagree with the trial judge's conclusion that the refund claim was barred by N.J.S.A. 40:55D-42. The last sentence of the statute provides:
Where a developer pays the amount determined as his pro-rata share under protest he shall institute legal action within 1 year of such payment in order to preserve the right to a judicial determination as to the fairness and reasonableness of such amount.
This statute, however, presupposes a valid ordinance, and that the issue to be adjudicated is one of the "fairness and reasonableness" of the payment required from the developer. In such a case, the payment must be made "under protest" so the municipality may fairly budget for its improvements and allocate responsibility among various developers with an understanding whether they have acceded to the allocation. See Baltica Const. v. Planning Bd. of Franklin Tp., 222 N.J. Super. 428, 432-433 (App.Div. 1988). This is not the situation before us. Here the ordinance was overturned in its entirety, and the municipality was determined to have had no right to accept any payments. Thus unless the effect of the decision *169 had been prospective only, the fees paid were required to have been returned. In Re Fees of State Bd. of Dentistry, supra, 84 N.J. at 587-588. Furthermore, the N.J. Bldrs. Ass'n suit had been filed July 11, 1983, less than a year after the first payment made by plaintiff on November 10, 1982. Even though a one-year limitation of the statute might not be directly applicable, the Township was well aware, within the year limited by N.J.S.A. 40:55D-42, that its right to assess any off-site improvement charges had been challenged.
By this opinion we do not adjudicate the right of plaintiff to receive any particular amount paid by its assignor. Such adjudication is left for an eventual trial. We hold only that the plaintiff's claim is barred neither by the entire controversy doctrine nor by the limitations of R. 4:69-6 or N.J.S.A. 40:55D-42.
REVERSED AND REMANDED.
NOTES
[1] Plaintiff and Country Place disagreed both on whether the final plan and plat conformed to the initial plan contemplated by their agreement, and whether the departure voided the contractual right of Country Place to the offset for excess off-tract charges paid by Country Place. Plaintiff therefore made Country Place an additional defendant in this litigation, asserting that Country Place was required to repay the off-set to plaintiff. It further alleged that if Country Place obtained any refund, plaintiff should be reimbursed, since there would then have been no additional off-tract contributions to have been offset. Plaintiff and Country Place settled their internal differences on April 1, 1985 by an assignment agreement, effective April 22, 1985, under which plaintiff was entitled to receive any sums due, by way of refund from the Township, for the off-site improvement fees. Plaintiff then dismissed its complaint against Country Place.
[2] Cf. Schnitzer & Wildstein, N.J. Rules Serv., A IV-950 (1957), where the authors discussed the predecessor rule to R. 4:27-2:

A typical example of the operation of the Rule is a joinder of a claim for a money judgment against a municipality with a claim in lieu of a prerogative writ ... to compel the satisfaction of the money judgment.... By force of the Rule, such claim against municipalities need no longer be prosecuted in distinct installments, since both varieties of relief are now available in a single action.
As noted, supra, the authors further stated that the availability of successive rights to relief in the one action did not mean that the simultaneous assertion of the rights was mandatory. Id. at 949.
[3] See Schnitzer v. Wildstein, N.J. Rule Serv., A IV-951 (1957). There the authors note that the predecessor rule to R. 4:27-2 authorized "a plaintiff to join a claim to have his status fixed as a stockholder with a claim to enforce a secondary right as a shareholder without first obtaining a judgment establishing his claim as a shareholder." See also the specific example given in R. 4:27-2 itself of the permissive joinder of a claim for money and a claim to have set aside a fraudulent conveyance without first having obtained the judgment establishing the claim for money.
[4] The Supreme Court stated that the Township had noted in its Appellate Division brief that "Mill Race Limited has instituted a separate suit seeking a refund of money allegedly paid pursuant to" the disputed ordinance. 108 N.J. at 227, fn. 2.
[5] By our holding, we express no opinion concerning the effect of the entire controversy doctrine on a subsequent suit by a plaintiff who, as a party to an earlier action to upset a governmental enactment, then possessed an individual claim for reimbursement of fees paid pursuant to the overturned law.