607 A.2d 1359

FRANK A. GREEK & SONS, INC., DKM PROPERTIES CORPORA-
TION, RICHARD V. NELSON, I. HELLER CONSTRUCTION
COMPANY, INC. AND M. ALFIERI COMPANY, INC., PLAIN-
TIFFS–RESPONDENTS, v. THE TOWNSHIP OF SOUTH
BRUNSWICK IN THE COUNTY OF MIDDLESEX, THE TOWN-
SHIP COMMITTEE OF SOUTH BRUNSWICK AND THE PLAN-
NING BOARD OF THE TOWNSHIP OF SOUTH BRUNSWICK
BOARD OF ADJUSTMENT, DEFENDANTS–APPELLANTS.

TIMBER PONDS, INC., PLAINTIFF–RESPONDENT, v. TOWNSHIP
OF SOUTH BRUNSWICK, IN THE COUNTY OF MIDDLESEX,
THE TOWNSHIP COMMITTEE OF SOUTH BRUNSWICK AND
THE PLANNING BOARD OF THE TOWNSHIP OF SOUTH
BRUNSWICK BOARD OF ADJUSTMENT, DEFENDANTS–RE-
SPONDENTS.

MORRIS INDUSTRIAL BUILDERS, INC., PLAINTIFF–RESPON-
DENT, v. TOWNSHIP OF SOUTH BRUNSWICK, IN THE COUN-
TY OF MIDDLESEX, A MUNICIPAL CORPORATION OF THE
STATE OF NEW JERSEY, THE TOWNSHIP COMMITTEE OF
THE TOWNSHIP OF SOUTH BRUNSWICK, THE PLANNING
BOARD OF THE TOWNSHIP OF SOUTH BRUNSWICK, DE-
FENDANTS–APPELLANTS.

FRANK DIMISA, D/B/A FOX RUN II, AND MCCAMPBELL DE-
VELOPMENT, INC., A NEW JERSEY CORPORATION, RE-
SPONDENTS, v. THE TOWNSHIP OF HOLMDEL, IN THE
COUNTY OF MONMOUTH, THE TOWNSHIP COMMITTEE OF
THE TOWNSHIP OF HOLMDEL AND THE PLANNING BOARD
OF THE TOWNSHIP OF HOLMDEL, APPELLANTS.

EUGENE J. LONG, RESPONDENT, v. THE TOWNSHIP OF CHES-
TER, IN THE COUNTY OF MORRIS, A MUNICIPAL CORPORA-
TION OF THE STATE OF NEW JERSEY, AND THE MAYOR
AND TOWNSHIP COUNCIL OF THE TOWNSHIP OF CHESTER,
DEFENDANTS.

CHESTERFIELD FARMS, DIRAJE CORPORATION, CHESTNUT
RUN LIMITED PARTNERSHIP, CUSTOM LIVING HOMES,
INC., TWIN BROOKS LIMITED PARTNERSHIP, ARTHUR N.
FURHMAN, KENDALL WOODS LIMITED PARTNERSHIP
AND KENDALL CONSTRUCTION CORPORATION, PLAIN-
TIFFS, v. THE TOWNSHIP OF CHESTER IN THE COUNTY OF
MORRIS, A MUNICIPAL CORPORATION OF THE STATE OF
NEW JERSEY AND THE MAYOR AND TOWNSHIP COUNCIL
OF THE TOWNSHIP OF CHESTER, DEFENDANTS.

REALTY TRANSFER COMPANY LIQUIDATING TRUST, PLAIN-
TIFF, v. TOWNSHIP OF CHESTER, COUNTY OF MORRIS, A
MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY
AND THE TOWNSHIP COUNCIL OF THE TOWNSHIP OF
CHESTER, DEFENDANTS.

---

CHERRY HILL PROPERTIES CORPORATION, RESPONDENT, v.
THE TOWNSHIP OF CHERRY HILL IN THE COUNTY OF
CAMDEN, A MUNICIPAL CORPORATION OF THE STATE OF
NEW JERSEY, AND THE TOWNSHIP COUNCIL OF THE
TOWNSHIP OF CHERRY HILL, APPELLANTS, AND COUNCIL
ON AFFORDABLE HOUSING (COAH), INTERVENOR–APPEL-
LANT.

Superior Court of New Jersey
Appellate Division

Argued March 30, 1992—Decided June 16, 1992.

Before Judges BILDER, STERN and KEEFE.

*Geraldine Callahan*, Deputy Attorney General, argued the cause for appellant Council on Affordable Housing (*Robert J. Del Tufo*, Attorney General of New Jersey, attorney; *Joseph L. Yannotti*, Assistant Attorney General, of counsel; *Geraldine Callahan*, on the brief).

*Edward L. Picone* argued the cause for appellant Township of South Brunswick (*Lawrence W. Saltzman*, on the brief).

*Francine I. Axelrad* argued the cause for appellants, The Township of Cherry Hill and the Township Council of the Township of Cherry Hill.

*Thomas F. Carroll, III* argued the cause for respondents, Frank A. Greek & Sons, Inc., DKM Properties Corporation, Richard V. Nelson, I. Heller Construction Company, Inc., M. Alfieri Company, Inc., Timber Ponds, Inc., Frank DiMisa d/b/a Fox Run II, McCampbell Development, Inc., Eugene J. Long, Chesterfield Farms, Diraje Corporation, Chestnut Run Limited Partnership, Custom Living Homes, Inc., Twin Brooks Limited Partnership, Author N. Furhman, Kendall Woods Limited Partnership and Kendall Construction Corporation (*Hill Wallack*, attorneys).

*David B. Rubin* argued the cause for respondent, Morris Industrial Builders, Inc. (*Rubin, Rubin, Malgran & Kuhn*, attorneys).

*Eugene Iadanza* argued the cause for respondent, Township of Holmdel and the Township Committee of the Township of Holmdel (*Tucci, Iadanza & Reisner*, attorneys).

*Gary T. Hall* argued the cause for respondents, Township of Chester and the Mayor and Township Council of the Township of Chester (*McCarter & English*, attorneys).

*Jeffrey Kantowitz* argued the cause for respondents, Realty Transfer Company Liquidating Trust and Cherry Hill Properties Corporation (*Greenbaum, Rowe, Smith, Ravin & Davis*,

attorneys; *Jeffrey Kantowitz*, of counsel and on the brief; *Deirdre Moore*, on the brief).

The opinion of the court was delivered by

KEEFE, J.A.D.

After the Supreme Court issued its decision on December 13, 1990, in *Holmdel Builders Ass'n v. Township of Holmdel*, 121 *N.J.* 550, 583 *A.*2d 277 (1990), the Council On Affordable Housing (COAH) issued an "Administrative Order" (AO) on January 28, 1991, announcing its intention to adopt regulations with respect to mandatory development fees designed to establish "standards and criteria for such ordinances" and "how fees collected prior to the *Holmdel* decision are to be handled." The AO also provided that municipalities which had collected such fees prior to the *Holmdel* decision could retain the fees in a separate, interest bearing account "provided that the municipality adopts and submits to COAH a duly adopted resolution of the municipal governing body expressing its intent to submit its ordinance to COAH immediately upon COAH promulgation of comprehensive regulations that set standards for such ordinance." About the same time or shortly thereafter, plaintiff developers and builders in these consolidated matters [1] either reactivated suits that had been previously stayed or instituted actions against the defendant municipalities to recover fees paid by plaintiffs under the municipalities' invalidated development fee ordinances. In each case, the defendant municipality relied upon the AO as a defense. COAH was permitted to intervene in each case and either moved for a stay of the proceedings pending promulgation of the regulations or a transfer to the Appellate Division, contending that any challenge to the validity of the AO must be heard in this court. Plaintiffs

---

[1] This court initially denied a motion to consolidate these matters but ordered that they be scheduled back-to-back for oral argument. Further consideration satisfies us that there are common issues which permit consolidation for the purpose of this opinion.

and defendant municipalities cross-moved for summary judgment.

On June 14, 1991, the Law Division judge in the matters involving the Township of Chester denied COAH's motion to transfer to the Appellate Division, holding that the provisions of *R.* 2:2–3(a)(2) were not applicable to these circumstances. He concluded that "the Supreme Court has decided that the ordinances are invalid and that the fees collected pursuant to those ordinances were invalidly collected and they go back to either developer or some derivative person appropriately thereunto authorized." He further decided that there was no way in which COAH could adopt a regulation or regulations which could result in the "resuscitation of these invalidly adopted ordinances." However, the judge stopped short of granting summary judgment to the plaintiffs finding that "there still are open questions about who gets the money." Finally, he directed the parties to attempt to enter into a stipulation concerning terms for the refund. When he later learned that such a stipulation could not be agreed upon, he scheduled an evidentiary hearing to determine the amount owed to the individual plaintiffs. We granted COAH's motion for leave to appeal that interlocutory order and stayed the trial court proceedings pending appeal.

On July 15, 1991, the trial judge in the matter involving the Township of Holmdel addressed motions similar to those presented in the Township of Chester cases. He understood the Supreme Court's decision in *Holmdel* to say that the individual builders were entitled to start their own actions for a return of the money but did not interpret the decision to hold that the builders were entitled to a return of the monies as a matter of law and without the development of a full record. He considered the AO to be advisory and denied COAH's motion to transfer the matter to the Appellate Division and/or stay the proceedings pending decision on COAH's motion to obtain leave to appeal in the Township of Chester case. Instead, he elected to press forward with the litigation and

scheduled a pretrial conference. We granted COAH's motion for leave to appeal and stayed the trial court proceedings pending appeal.

On July 30, 1991, the trial judge in the matters involving the Township of South Brunswick entertained motions involving arguments similar to those presented in the Chester and Holmdel matters. He denied COAH's motion to stay the cases and/or transfer them to the Appellate Division finding that the AO did not rise to the level of rule-making or *quasi*-judicial action. He further found "as a matter of law that any regulation, even one validly adopted *in futuro* and validly adopted by the municipality, would constitute an *ex post facto* rule or regulation, and you cannot now resuscitate that which was exacted illegally in the first place." Thus, he entered summary judgment in favor of the plaintiffs in those cases and ordered that the monies on deposit with the Township be returned to them. COAH and the Township of South Brunswick filed separate notices of appeal from this final judgment. Thereafter, we entered a stay pending appeal.[2]

Finally, on August 2, 1991, the trial judge in the matter involving the Township of Cherry Hill also denied COAH's motion for a stay and/or transfer to the Appellate Division. He concluded that no deference should be given to the AO and entered summary judgment in favor of plaintiffs ordering a return of the money with interest. He also determined that the Cherry Hill ordinance was invalid because the Township Council substantially altered it by passing a resolution after the first reading increasing the fee from one percent to three percent without notification to the public. However, he stayed the order pending appeal. Cherry Hill and COAH filed separate notices of appeal.[3]

---

[2]The order granting the stay permitted plaintiffs to obtain the money on condition that a bond or letter of credit is posted with the Clerk of the Superior Court.

[3]COAH's motion to expedite all appeals was granted.

On appeal, COAH contends that in each case the validity of its AO was directly at issue and, for that reason, the trial judges erred in failing to transfer the cases to the Appellate Division for determination. COAH contends further that the AO was a reasonable exercise of its statutory authority under the Fair Housing Act (FHA), that it has the power to adopt regulations providing procedures to validate the invalidly adopted ordinances, and that the announcement of its intention to adopt such regulations is not *prima facie* invalid and should have been honored. The municipalities have essentially adopted the same position as COAH. However, in the Cherry Hill matter the municipality also contends that the trial judge erred in determining that the Cherry Hill ordinance was procedurally invalid.

We need not address the issue of whether the trial judges erred in denying COAH's motion to transfer that portion of the litigation before them challenging COAH's authority to issue the AO, nor need we decide whether the AO was a valid exercise of COAH's power. As we see it, those issues are simply ancillary to the primary issue which undergirds each of the orders under review, save perhaps the order stemming from the Holmdel matter. The principle issue to be decided is whether COAH has the potential power [4] to promulgate regulations upon which the defendant municipalities may rely to validate prior action on their part in collecting the mandatory builders' fees. For the reasons stated herein, we conclude that COAH has such power and that there is sufficient general authority permitting municipalities to validate prior conduct. In light of this conclusion, we further hold that the trial judges

---

[4]We use the phrase "potential power" because the AO advises the reader of COAH's intent to promulgate regulations enabling municipalities to validate prior conduct under certain circumstances. We are now aware that COAH has promulgated such regulations and that there is an appeal pending which challenges them. We have specifically declined to address the particular regulations because the appeal was not perfected by the time these matters were heard.

should have deferred action for a reasonable period of time pending completion of the administrative process. Thus, whether the AO was validly promulgated and binding or whether it was simply advisory is of no moment. The matters should have been stayed pending COAH's proposed action whereupon the rights of the parties could be more clearly evaluated.

We begin our analysis by stating our understanding of what the Supreme Court in *Holmdel* decided and what it did not decide. Importantly, the Court held that "development fees are the functional equivalent of mandatory set-asides; and it is fair and reasonable to impose such fee requirements on private developers when they possess, enjoy, and consume land, which constitutes the primary resource for housing. Such measures do not offend the zoning laws or the police powers." *Holmdel, supra,* 121 *N.J.* at 573, 583 *A.*2d 277 (citation omitted). Not only did the Court determine that such fees are authorized by the Municipal Land Use Law (MLUL) and general police power, but it held that such fees were authorized by the FHA which

confers on a municipality a broad range of general powers, including the authority "to provide for its fair share of low and moderate income housing by means of any technique or combination of techniques which provide a realistic opportunity for the provision of [its] fair share." [*Id.* (citation omitted).]

   *     *     *     *     *     *     *     *

Mandatory development fees that do not violate COAH requirements and otherwise meet standards of reasonableness are not inconsistent with the FHA. They may be fairly regarded as "other techniques proposed by the municipality." [*Id.* at 574, 583 *A.*2d 277 (citation omitted).]

However, the Court specifically declined to "determine the validity of uncompensated fees as applied by the municipalities in the cases now before us" perhaps because it remained to COAH "in the first instance to develop a comprehensive system of development fees." *Id.* at 576, 583 *A.*2d 277. The Court then found that COAH's exercise of rule-making authority in this area was "incomplete" because it had not specifically addressed mandatory development fees. Although finding that rule-making was necessary, the opinion recognized that COAH had taken action in these cases suggesting "an understanding

that these measures are not invalid or *ultra vires.*" *Id.* at 579, 583 *A.*2d 277. The Court noted that COAH approved each of the municipality's housing plans which had included the builders' fee ordinances in question but failed to pass specifically on them finding that they were " 'not required to implement the fair share plan.' " *Id.* at 579, 583 *A.*2d 277.

In essence, the Supreme Court found that COAH imperfectly exercised its jurisdiction because "the development-fee ordinances were subject to review and certification by COAH as a constituent part of the housing-element plan of the respective municipalities." *Id.* The Court then suggested that 1) COAH adopt regulations on the subject for the purpose of enabling courts "to determine that persons subject to such ordinances have been reasonably informed of their obligations," *id.*, and 2) "both municipalities and COAH in the adoption and approval of such ordinances are acting in conformity with the legislative intent of the FHA." *Id.* at 579–80, 583 *A.*2d 277. Consequently, in the absence of regulations the Court felt "constrained" to set aside the ordinances, *id.* at 580, 583 *A.*2d 277, because they were "not validly adopted." *Id.* at 585, 583 *A.*2d 277.

Lastly, the Court affirmed the Appellate Division's ruling that the New Jersey Builders Association lacked standing in the Chester Township matter to assert damage claims on behalf of its members. However, it acknowledged that the dismissal of the damage claim was "without prejudice to the right of individual members to *seek* refunds in separate actions." *Id.* at 586, 583 *A.*2d 277 (emphasis added). Thus, we agree with the trial judge in the Holmdel case, that the Supreme Court did not mandate that the money be refunded to the builders and developers as a matter of course. The words used by the Court were that individual members would have an opportunity to "seek" such refunds. *Id.*

Undoubtedly, the Court recognized that the invalidation of the ordinances would not necessarily require a complete refund. In such matters, issues concerning the disruption of govern-

mental policies and other equitable considerations determine whether a decision of this nature should be given prospective effect only, *see Salorio v. Glaser,* 93 *N.J.* 447, 465–67, 461 *A.*2d 1100, *cert. denied,* 464 *U.S.* 993, 104 *S.Ct.* 486, 78 *L.Ed.*2d 682 (1983); *Borough of Neptune City v. Borough of Avon-by-the-Sea,* 61 *N.J.* 296, 310–11, 294 *A.*2d 47 (1972), retroactive effect, *see New Jersey Builders Ass'n v. Bernards Tp.,* 108 *N.J.* 223, 238, 528 *A.*2d 555 (1987); *Mill Race v. Mayor of Bernards Tp.,* 230 *N.J.Super.* 160, 167, 553 *A.*2d 44 (App.Div.1989), or partial retroactive effect, *see Automatic Merchandising Council v. Township of Edison,* 102 *N.J.* 125, 131–132, 506 *A.*2d 352 (1986); *In re Fees of State Bd. of Dentistry,* 84 *N.J.* 582, 589, 423 *A.*2d 640 (1980). Although the records before the trial judges in the Chester cases and the Holmdel case are not complete, we assume that the trial judges in those cases recognized the relevancy of such issues, at least in part, and thus declined to enter full summary judgment in favor of plaintiffs. Thus, standing alone, considerations of such issues requiring as they do the development of a full record would be sufficient to reverse the summary judgments entered in the South Brunswick and Cherry Hill cases which were final.

More importantly, however, the Supreme Court did not decide whether COAH could promulgate regulations having the effect of validating prior municipal action. Indeed, it had no occasion to do so since COAH was not a party to that litigation and had not declared its intent to promulgate such regulations prior to the decision. Each of the trial judges, with the exception of the trial judge in the Holmdel case, found that COAH could not possibly act so as to permit validation of the subject ordinances. We disagree with their conclusion. It is important to reiterate that the ordinances in question were authorized by statute, *i.e.,* the MLUL, the general police power, and the FHA. Thus, they were not *ultra vires* acts by the municipalities. The distinction is important.

It is elemental "that if a municipal body or agency has the power to act, but has failed to follow exactly the proper

procedures to exercise that power, its irregular, but not *ultra vires*, action may be subsequently ratified." *Ferreira v. City of Asbury Park*, 237 *N.J.Super.* 142, 162, 567 *A.2d* 233 (App. Div.1989). Here, the municipalities were statutorily authorized to act. However, the Supreme Court was unable to determine the validity of the uncompensated fees "as applied," *Holmdel*, *supra*, 121 *N.J.* at 576, 583 *A.2d* 277, because it could not compare the ordinances against "[r]egulatory standards" to ascertain whether they were in conformity with legislative intent as interpreted by COAH. *Id.* at 579–80, 583 *A.2d* 277.

Unlike the usual case in which a municipality may correct its prior invalid act, validation of the prior invalid acts in this case is dependent on COAH's administrative rule-making. In the context of this case, it is readily apparent that such administrative rule-making is legislative in nature. *Shapiro v. Essex Cty. Bd. of Chosen Freeholders*, 177 *N.J.Super.* 87, 95, 424 *A.2d* 1203 (Law Div.1980), *aff'd*, 183 *N.J.Super.* 24, 443 *A.2d* 219 (App.Div.), *aff'd*, 91 *N.J.* 430, 453 *A.2d* 158 (1982). COAH's AO expressed its intent to promulgate regulations having the effect of curing prior, imperfectly executed ordinances. In a general sense, legislative action can be specifically designed to enable a municipality to validate prior conduct. Such action is considered curative, thus permitting retrospective validation even where the initial municipal action may have been considered void. *See Edwards v. Mayor of the Bor. of Moonachie*, 3 *N.J.* 17, 21, 68 *A.2d* 744 (1949). If the Legislature can promulgate curative legislation having the effect of validating municipal conduct which at its inception was void, *id.*, we see no reason why an administrative agency cannot by properly exercising its rule-making authority cure municipal action which was not void *ab initio*.

While legislation and regulations are generally applied prospectively, *Gibbons v. Gibbons*, 86 *N.J.* 515, 521, 432 *A.2d* 80 (1981); *In re Appeal of Adoption of N.J.A.C. 7:7A–1.4*, 118 *N.J.* 552, 573 *A.2d* 143 (1990), *rev'd on dissent*, 240 *N.J.Super.* 224, 239, 573 *A.2d* 162 (App.Div.1989), there are recognized

exceptions to the general rule. *Gibbons, supra,* 86 *N.J.* at 522, 432 *A.*2d 80; *see Carnegie Bank v. Shalleck,* 256 *N.J.Super.* 23, 606 *A.*2d 389 (App.Div.1992). A statute or regulation can be applied retrospectively where 1) the legislative body has expressed the intent to do so, 2) the legislation is ameliorative or curative, 3) the expectations of the parties warrant retroactive application, and 4) manifest injustice to the adversely affected party does not result. *Gibbons, supra,* 86 *N.J.* at 522–23, 432 *A.*2d 80. The AO on its face expresses COAH's intent to pass regulations that are curative with the express intent to allow municipalities to retroactively validate prior conduct. We cannot pass on the merits of the third or fourth elements of the test without a more complete record.

We reiterate that we are now deciding only the question of whether COAH has the potential power to pass curative regulations and whether the municipalities have the potential power to validate prior ordinances that were not *ultra vires* their power to enact. We do not pass upon the regulations as promulgated or municipal conduct taken in response thereto. It is necessary only to point out that the decisions of the trial judges in the Chester, South Brunswick and Cherry Hill cases on this point were premature. Recognizing the potential for COAH to act appropriately in this field, the trial judges should have deferred further action for a reasonable period of time in the "spirit of comity." *Board of Educ. of Asbury Park v. Asbury Park Educ. Ass'n,* 145 *N.J.Super.* 495, 510, 368 *A.*2d 396 (Ch.Div. 1976). In our view the complex issues now presented in this litigation can be rationally decided only after COAH has been permitted to exercise the power which the Supreme Court in *Holmdel* recognized and the challenge to those regulations has been disposed of by this court. Thus, the trial judges should stay the subject actions until "the predicates for judicial disposition of the controversy as initially raised before [them are resolved]." *Daaleman v. Elizabethtown Gas Co.,* 150 *N.J.Super.* 78, 84, 374 *A.*2d 1237 (App.Div.1977), *rev'd on other grounds,* 77 *N.J.* 267, 390 *A.*2d 566 (1978).

■ Finally, we address the question of whether Cherry Hill's mandatory development fee ordinance was improperly adopted in that the fee was increased from one percent to three percent by resolution after the first reading of the ordinance. That issue was properly before the Law Division judge irrespective of the validity and effect of the COAH AO. *See Alexander's Dep't Stores of N.J. v. Borough of Paramus,* 125 *N.J.* 100, 112–13, 592 *A.*2d 1168 (1991). The attempt to change a significant provision of the ordinance by resolution between the first and second reading renders the ordinance invalidly adopted. The substantial change required republication because of the additional burden on those affected. *See Gilman v. City of Newark,* 73 *N.J.Super.* 562, 180 *A.*2d 365 (Law Div.1962).

■ However, the defect in the ordinance claimed by Cherry Hill Properties Corporation (CHP) is purely a procedural one and quite capable of detection upon passage by anyone who was affected by it. The ordinance as first published called for a one percent fee whereas the ordinance as adopted called for a three percent fee. At the time of adoption, CHP had obtained preliminary site plan approval and was in the process of obtaining final site plan approval. It cannot contend that it was unaware of the discrepancy which was a matter of public record. Such procedural deficiencies can be cured by appropriate action by the municipal governing body. It is for that reason that challenges of this nature must be presented within the time limitations provided in *R.* 4:69–6. *Trust Co. of N.J. v. Planning Bd. of the Bor. of Freehold,* 244 *N.J.Super.* 553, 560, 582 *A.*2d 1295 (App.Div.1990). Unlike the claims which undergirded the Supreme Court's decision in the *Holmdel* case, this challenge, limited as it was to a procedural defect, is neither of constitutional dimension nor of great public interest. Thus, there is no just cause to extend the forty-five day time limit permitted by the provision of *R.* 4:69–6(c). We hold that CHP's claim on this particular issue is time-barred.

■ Finally, CHP contends that the Cherry Hill ordinance is invalid as applied to it because it impermissibly altered the terms of CHP's preliminary and final approvals. The issue was initially raised by CHP in a footnote in its brief before the trial judge. Although it was addressed by the defendant Township and again by CHP in its reply brief, the trial judge did not decide the issue. In any event, we conclude that the issue is without merit. *R.* 2:11–3(e). A builders' fee ordinance such as the one adopted by Cherry Hill is unrelated to any of the conditions over which the Cherry Hill Planning Board would have jurisdiction in granting preliminary approval.

The final judgments under review involving the Township of South Brunswick and the Township of Cherry Hill are reversed. All matters are remanded to their respective trial courts for further proceedings the nature of which must necessarily depend upon the outcome of the appeal now pending challenging the regulations passed by COAH.