271 N.J. Super. 280 (1994)
638 A.2d 859
COUNTY OF OCEAN, A PUBLIC CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ZEKARIA REALTY, INC., ET AL., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 7, 1994.
Decided March 4, 1994.
*281 Before Judges KING, ARNOLD M. STEIN and ARIEL A. RODRIGUEZ.
Peter H. Wegener argued the cause for appellant (Bathgate, Wegener, Dugan & Wolf, attorneys; Mr. Wegener and Michael I. Helfacre, on the brief).
Seymour J. Kagan argued the cause for respondent (Berry, Kagan & Sahradnik, attorneys; Mr. Kagan, on the brief).
The opinion of the court was delivered by KING, P.J.A.D.
This case involves the right of a property owner to recover damages in condemnation for the taking of a fifteen-foot right-of-way easement. Fourteen years before the taking, the property owner conveyed an easement over the property to the County as a condition of variance and site plan approval. Because of this passage of time without any protest by the property owner, we conclude that the claim for damages in condemnation is time-barred.
Defendant, Zekaria Realty, Inc., is the owner of improved commercial property on Lots 11, 11-1 and 11-2, at Block 673, in Brick Township. In 1978, defendant's property contained a furniture store, beauty parlor, shoe store and barber shop. During 1978, defendant decided to renovate the structure and eliminate the latter three uses. Defendant planned to use the renovated space for a dress shop or boutique. Defendant requested dimensional *282 variances and site plan approval from the municipality and the County Planning Board (County).
On November 1, 1978 the County granted defendant approval of its site plan application and dimensional variances on several conditions. Most importantly, the County required defendant to grant or "donate" to it a permanent easement for a strip of about fifteen feet on its 175-foot frontage on Brick Boulevard for "possible future street widening." On February 14, 1979 the Brick Township Municipal Planning Board granted final approval to defendant's application subject to the same conditions included in the County's final approval.
Defendant's 1979 site plan approval contained no approval for parking in front of its building on the strip subject to the permanent easement. Nevertheless, without municipal or County approval, defendant subsequently used spaces for roadside parking on the available 125-foot frontage which was not part of the driveway entrance.
More than a decade passed without incident until March 20, 1990. On that day the Ocean County Board of Freeholders decided to widen Brick Boulevard. It ordered the County engineer to acquire rights-of-way or easements by gift, purchase or condemnation for the project. On March 31, 1992 the County filed a complaint in condemnation to acquire a fee simple interest in about 3420 sq. ft. of defendant's property. The area comprised a 27-foot-wide by 175-foot-long strip of defendant's Lots 11, 11-1, 11-2, in Block 673 bordering Brick Boulevard. Fifteen feet of the twenty-seven-foot strip were already subject to the permanent easement which the County had obtained from defendant in 1979.
On May 27, 1992 the County filed a declaration of taking for exclusive possession and title to the property pursuant to N.J.S.A. 20:3-17 to -20 and N.J.S.A. 27:16-1 to -76. Due to the fifteen-foot easement previously granted, as well as the lack of any known or permitted use for the strip, the County's appraisal report provided for no compensatory damages to defendant for the acquisition of that part of the property.
*283 On August 20, 1993 defendant brought a motion before Judge Cooper seeking exclusion of the County appraisal, inclusion of its own appraisal, and a declaration of its right to damages for the loss of its property. The County cross-moved to restrict the defendant's appraisal report and for an adjudication that the County was the legal owner of the easement previously granted by defendant.
After hearing argument on August 29, Judge Cooper entered her order on September 1 denying defendant's motion to exclude the County's appraisal. She granted plaintiff's cross-motion, "to the extent that the Court concludes that a Deed of Road Easement, attached hereto as Exhibit `A', is owned by the County of Ocean, lawfully, and the County of Ocean does not have to pay any compensation for the interest in real property reflected in Exhibit `A' attached hereto."
Defendant sought leave to appeal, R. 2:2-3(b), which we granted on October 18, 1993. Defendant urges that requiring an applicant to grant to the County an easement for road widening as a condition precedent to approval of a site plan application was ultra vires and illegal absent a rational nexus, which did not exist here, between the need to widen the road and the applicant's proposed usage. To that extent, defendant is correct.
In Harris v. Salem County Planning Bd., 123 N.J. Super. 304, 302 A.2d 552 (App.Div.), certif. denied, 64 N.J. 152, 313 A.2d 212 (1973), we held that N.J.S.A. 40:27-6.2, which permitted Boards of Chosen Freeholders to require site plan applicants to dedicate certain portions of their property which border county roads in order to conform to the County's master plan, was not necessarily a taking without just compensation, and was constitutional. Id. at 307, 302 A.2d 552. However, we disagreed with the proposition that in every case a board could require dedication of land for rights of way without compensating the land's owner. "We interpret the cases hereinafter cited as authorizing a municipality to compel a subdivider to install off-site improvements and to pay so much of the cost thereof which bears a rational nexus to the *284 needs created by and benefits conferred upon the subdivision." Id. at 307, 302 A.2d 552 (citations omitted) (emphasis added).
Two years later, 181 Inc. v. Salem County Planning Bd., 133 N.J. Super. 350, 336 A.2d 501 (Law Div. 1975), aff'd in part, rev'd in part, 140 N.J. Super. 247, 356 A.2d 34 (App.Div. 1976), involved these facts: plaintiff, the owner of a small tract in Woodstown, sought board approval to locate its law office on Elm Street. The site plan committee recommended approval of the application subject to the condition that plaintiff dedicate an eight-foot strip of land along its border with Elm Street for future road widening, the planning for which was indefinite. Plaintiff promptly filed an action in lieu of prerogative writ to strike the board's condition. Judge Miller recognized Harris' rational nexus test in holding that the blanket policy of the County to require dedication of frontage from applicants' property regardless of the existence of a true and reasonably imminent plan to widen the road was an unconstitutional taking without just compensation. Id. at 357, 336 A.2d 501.
There should be, at the bare minimum, a proposal for the imminent use of the land, not a mere "banking" for unscheduled future use. While it is true that road appropriations are made on an annual basis[,] it is also true that plans for road work involve "lead time." If the county does not intend to use the land proposed to be taken within such "lead time," to take it without compensation merely because opportunity presents itself runs afoul of the Constitution.
[Ibid.]
Judge Miller explained the basis of the rational nexus test used in Harris.
[F]or the nexus test to apply, thus making a compulsory dedication constitutionally valid, the nexus must be rational. This means it must be substantial, demonstrably clear and present. It must definitely appear that the proposed action by the developer will either forthwith or in the demonstrably immediate future so burden the abutting road, through increased traffic or otherwise, as to require its accelerated improvement. Such dedication must be for specific and presently contemplated immediate improvements  not for the purpose of "banking" the land for use in a projected but unscheduled possible future use.
[Id. at 359, 336 A.2d 501.]
The judge then found that no rational nexus existed because the already light traffic flow on Elm Street would increase only negligibly with the proposed location of plaintiff's law office. *285 Further, the record showed that the county required the dedication solely for the general future growth of the community and the county as a whole. Accordingly, he ruled, "[t]here is nothing wrong with the county taking this land pursuant to the statute, provided it pays a fair price therefor." Id. at 361, 336 A.2d 501.
In the case before us, the facts are substantially similar. Subject to its approval of defendant's 1979 site plan application, the County required that a fifteen-foot strip of defendant's land abutting Brick Boulevard be dedicated, "for possible future street widening." This language fortifies the likelihood that the board was simply attempting to seize an opportunity to "bank" the land in case it should ever need it. The fact that more than ten years elapsed before the County decided to widen the road is further evidence. A decade was not reasonably within this project's "lead time" and the County certainly cannot claim that this dedication was for presently contemplated, immediate improvements because of burdens on the road created by defendant.
The County seems to suggest that this was an isolated incident and this defendant voluntarily donated the easement in order to ease its application through the system. However, even without the benefit of the Board's 1979 hearing transcript, we can conclude from the minutes of the Board's meeting contained in defendant's appendix, that the County regularly required such dedications regardless of any rational nexus between an applicant's plan and the burden to the abutting roadway. We are satisfied from the record that the County acted unconstitutionally if it required defendant to dedicate the 1979 easement as a condition of the approval. N.J. Const. art. I, ¶ 20. If defendant had brought a timely action in lieu of prerogative writ in 1979 to challenge the conditional dedication, it likely would have succeeded. R. 4:69-1. Defendant, however, did not challenge the Board's actions. Fourteen years later, and only after this condemnation action was filed, defendant stepped forward and asserted its alleged rights. Hence, the issue of timeliness in challenging governmental action must be considered.
*286 Defendant relies primarily on Mill Race, Ltd. v. Mayor & Tp. Comm. of Bernards Tp., 230 N.J. Super. 160, 553 A.2d 44 (App.Div. 1989), certif. denied, 117 N.J. 154, 564 A.2d 874 (1989). Defendant stresses that Mill Race held that an action to recover off-site improvement fees which had been paid pursuant to a local ordinance, later declared ultra vires, was not barred when brought after the 45-day time-period had expired. Mill Race held that the cause of action did not accrue until the municipality actually had refused, when requested, to return the owner-developer-plaintiff's money. Id. at 167-68, 553 A.2d 44.
The plaintiff in Mill Race was the owner of property in Bernards Township. Id. at 163, 553 A.2d 44. In 1982, plaintiff sold the land to Country Place Associates which intended to develop it. Ibid. Their agreement provided for an offset in the contract price of the amounts Country Place was required to pay for sewer connections, assessments and the disputed off-site improvements mandated by local ordinance. Country Place immediately paid all the fees and commenced development. Ibid.
Three years later, on February 25, 1985, in New Jersey Builders Ass'n v. Mayor and Tp. Comm. of Bernards Twp., 211 N.J. Super. 290, 511 A.2d 740 (Law Div. 1985), aff'd, 219 N.J. Super. 539, 530 A.2d 1254 (App.Div. 1986), aff'd, 108 N.J. 223, 528 A.2d 555 (1987), Judge D'Annunzio held that the ordinance of Bernards Township requiring developers to pay for off-site improvements was ultra vires. Two weeks after Judge D'Annunzio's decision in the Law Division, the Mill Race plaintiff, as the assignee of Country Place, requested that the Township return the disputed fees. Mill Race, supra, 230 N.J. Super. at 163, 553 A.2d 44. When the Township refused, the Mill Race plaintiff immediately filed suit to recover those sums. Ibid.
We reversed the Law Division judge's ruling in Mill Race that plaintiff's time to appeal the 1982 fee payments had expired by 1985.
[P]laintiff's assignor's claim was successive to that of the Builders Association in overturning the ordinance. The right to claim a refund therefore did not accrue *287 until the municipality failed to return the payments made under the voided ordinance. The complaint here was filed within days of Judge D'Annunzio's decision and years prior to the time the decision became final after appellate review.
[Id. at 168, 553 A.2d 44.]
Although the payments were made three years earlier, they were never ruled illegal; therefore, plaintiff's cause of action never accrued. Because plaintiff in Mill Race immediately asserted its newly-acquired rights, its action was held timely.
Conversely, in this case the County's conduct, allegedly extorting the right-of-way easement, had been declared unconstitutional in 1975 in 181 Inc., supra, four years before defendant here was allegedly wronged. "`Generally, a cause of action accrues when facts exist which entitle one party to maintain an action against another.'" Trenkamp v. Tp. of Burlington, 170 N.J. Super. 251, 263, 406 A.2d 218 (Law Div. 1979) (Kohler v. Barnes, 123 N.J. Super. 69, 79, 301 A.2d 474 (Law Div. 1973)). Thus, defendant's cause of action in the case before us seemingly arose at the very moment it transferred the deed of easement to the County in 1979. Mill Race is inapposite. Had the "takings" cases discussed above been decided only recently, then perhaps Mill Race might assist defendant. However, as the circumstances appear to us, in 1979, defendant was subject to the time limits prescribed by our rules for challenging any planning board decisions.
R. 4:69-6 provides in pertinent part that,
No action in lieu of prerogative writs shall be commenced later than 45 days after the accrual of the right to the review, hearing or relief claimed, except as provided by paragraph (b) of this rule.
(b) .... No action in lieu of prerogative writs shall be commenced ...
....
(3) to review a determination of a planning board .. . after 45 days from the publication of a notice once in the official newspaper of the municipality....
The defendant's right to challenge the Board's condition accrued at the moment it conveyed the deed of easement to the County, February 22, 1979. The time for a challenge expired long ago.
*288 R. 4:69-6(c) does provide for the relaxation of paragraphs (a) and (b), and enlargement of the time in which to appeal a planning board's determinations, "where it is manifest that the interest of justice so requires." In Judge Pressler's comments she explains that section (c) was inserted,
"to restate in the form of a generalized standard, decisional exceptions which had already been engrafted upon the rule", Schack v. Trimble, 28 N.J. 40, 48, 145 A.2d 1 (1958). These exceptions include (1) substantial and novel constitutional questions .. . (3) an important public rather than a private interest which requires adjudication or clarification. See, e.g., Reilly v. Brice, 109 N.J. 555, 538 A.2d 362 (1988); Schack v. Trimble, supra....
[Pressler, Current N.J. Court Rules, comment 7 on R. 4:69-6(c) (1994) (some citations omitted).]
We conclude that these exceptions are inapplicable here. After fourteen years, there is no novel or substantial constitutional question which commends resolution; nor does any important public interest require clarification or vindication.
We conclude that defendant's lack of diligence during the fourteen-year lapse of time before attacking the Planning Board's requirement of the "donative" conveyance of the fifteen-foot-wide road easement is fatal to its claim for compensation in this condemnation proceeding. As the County points out, the defendant could have granted the easement under protest and promptly started an action in lieu of prerogative writ to challenge the alleged "donation ... for possible future street widening." The defendant did not do so but proceeded to use the roadside parking spaces without approval until condemnation loomed. Moreover, this case is not remotely similar to a situation where an innocent purchaser promptly seeks relief from a local board to excise an illegal condition on an old grant of variance, as permitted by Aldrich v. Schwartz, 258 N.J. Super. 300, 311-12, 609 A.2d 507 (App.Div. 1992) (twenty-year old condition could be attacked by bona-fide, new purchaser). The present situation is in no sense equitably comparable to Aldrich. Defendant's attack on the 1979 grant of easement is time-barred and its claim for compensation is precluded.
Affirmed.