573 A.2d 143

IN THE MATTER OF APPEAL OF ADOPTION OF N.J.A.C. 7:7A–1.4 (DEFINITION OF "DOCUMENTED HABITATS FOR THREATENED AND ENDANGERED SPECIES" AND "SWALE"), 7:7A–2.5(B)(2), AND 7:7A–2.7(F).

Argued February 26, 1990—Decided April 9, 1990.

*Michael J. Gross* argued the cause for appellant New Jersey Builders Association (*Giordano, Halleran & Ciesla,* attorneys; *Michael J. Gross* and *Sharlene A. Hunt,* of counsel; *Michael J. Gross, Sharlene A. Hunt, Andrew B. Robins,* and *Jody V. Wilson,* on the briefs).

*James P. Wyse* argued the cause for respondents New Jersey Conservation Foundation and New Jersey Audubon Society (*Schenck, Price, Smith & King,* attorneys; *James P. Wyse, Anne E. Aronovitch,* and *Lauri L. Orfanelli,* on the brief).

*Carol A. Blasi,* Deputy Attorney General, argued the cause for respondent State of New Jersey, Department of Environmental Protection (*Robert J. Del Tufo,* Attorney General of New Jersey, attorney; *Michael R. Clancy,* Deputy Attorney General, of counsel).

*Richard E. Shapiro,* Director, Division of Public Interest Advocacy, argued the cause for *amicus curiae* Public Advocate (*Thomas S. Smith,* Acting Public Advocate, attorney).

*Dennis M. Toft* submitted a brief on behalf of *amicus curiae* New Jersey Chapter of the National Association of Industrial and Office Parks (*Wolff & Samson,* attorneys).

*William J. Wolf* submitted a brief on behalf of *amicus curiae* Paul Sansone (*Bathgate, Wegener, Wouters & Neumann,* attorneys).

PER CURIAM.

■ This appeal involves the validity of one of several regulations adopted by the Department of Environmental Protection (DEP) to implement the provisions of the Freshwater Wetlands Protection Act, *N.J.S.A.* 13:9B–1 to –30 (the Act). In a companion case, the same panel of the Appellate Division as decided this case upheld the validity of all but one of the regulations challenged in that proceeding, striking down as invalid a regulation imposing a five-year limitation on exemptions statutorily granted to projects that had received preliminary site-plan or subdivision approval prior to the Act's effective date. *In re Freshwater Wetlands Protection Act Rules, N.J.A.C. 7:7A–1.1 et seq.*, 238 *N.J.Super.* 516, 570 *A.2d* 435 (1989). In this proceeding, initiated by the New Jersey Conservation Foundation and the New Jersey Audubon Society, the Appellate Division unanimously rejected the challenge to the regulatory definition of "swale" (*N.J.A.C.* 7:7A–1.4), but by a divided court invalidated *N.J.A.C.* 7:7A–2.7(f), which exempted from compliance with the transition-area provisions of the Act those projects not subject to Army Corps of Engineers jurisdiction that had received preliminary site-plan or subdivision approval prior to July 1, 1989. *In re Appeal of Adoption of N.J.A.C. 7:7A–1.4 (Definition of "Documented Habitats for Threatened and Endangered Species" and "Swale"), 7:7A–2.5(b)(2), and 7:7A–2.7(f)*, 240 *N.J.Super.* 224, 573 *A.2d* 162 (1989). The Appellate Division concluded that July 1, 1988, rather than July 1, 1989, was the statutorily-authorized cut-off date for exemptions from transition-area requirements. In effect, the Appellate Division ruled that transition-area restrictions became applicable July 1, 1988, even though DEP could not implement the regulations until a year later. The DEP did not appeal. This appeal was taken by the New Jersey Builders Association, which had been permitted to intervene in the Appellate Division proceedings. We now reverse the judgment below substantially for the reasons set forth in Judge Skillman's dissenting opinion. 240 *N.J.Super.* at 234–42, 573 *A.2d* 162.

We consider it appropriate to observe, however, that in view of the unusual phraseology contained in that section of the Act relating to its effective date, *L.*1987, *c.* 156, § 34, the majority's interpretation of the statute is clearly plausible. On balance, we are unable to conclude that the "plain meaning" of the relevant sections of the Act is sufficiently discernible to preclude resort to extrinsic evidence of legislative intent. The most compelling evidence of that intent is found in a Senate committee statement expressing the view that the transition area requirements "would not take effect until two years after enactment." See 240 *N.J.Super.* at 237, 573 *A.*2d 162 (Skillman, J., dissenting). Moreover, we are reluctant to ascribe to the Legislature the intention to create a twelve-month regulatory void with respect to transition-area requirements, thereby impeding the efforts of developers to complete the design of projects intended to comply with the Act.

■ Because of the importance of the issue and the ambiguity in the underlying statute, we assume that the Legislature will take corrective action if we have misperceived its intention. Accordingly, we stay the effective date of our judgment for thirty days. Inasmuch as the reinstated regulation was originally promulgated by DEP, we are confident that our determination will not diminish its ability to implement effectively the regulatory provisions of the Act.

Judgment reversed.

POLLOCK, J., did not participate.

*For reversal* –Chief Justice WILENTZ and Justices CLIFFORD, HANDLER, O'HERN, GARIBALDI and STEIN–6.

*For affirmance* –None.