635 A.2d 509

PAUL MORICH AND MARGARET FISH, APPELLANTS, v.
NEW JERSEY DEPARTMENT OF ENVIRONMENTAL
PROTECTION, RESPONDENT.

IN RE TERRY WATSON.

IN THE MATTER OF HOWARD J. LOFTUS.

Superior Court of New Jersey
Appellate Division

Argued April 13, 1992—Decided September 15, 1992.

Before Judges PETRELLA, ARNOLD M. STEIN and KESTIN.

*Richard M. Hluchan* argued the cause for appellants Morich and Fish (*Levin & Hluchan,* attorneys; *Mr. Hluchan,* on the brief).

*Benjamin Zeltner* argued the cause for appellant Watson (*Levin, Staller, Sklar, Chan & Brodsky,* attorneys; *Mr. Zeltner,* on the brief).

*James E. Jaworski* argued the cause for appellant Loftus (*Wells, Garofalo, Jaworski & Liebman,* attorneys; *Mr. Jaworski,* on the brief).

[black bar]

*Carol A. Blasi*, Deputy Attorney General, argued the cause for respondent (*Robert J. Del Tufo*, Attorney General, attorney; *Mary C. Jacobson*, Deputy Attorney General, of counsel; *Ms. Blasi*, on the briefs).

PER CURIAM.

These three appeals have been consolidated for the purpose of this opinion. They involve the scope and meaning of two provisions of the Freshwater Wetlands Protection Act (FWPA), *N.J.S.A.* 13:9B–1 *et seq.*, which exempt certain uses from the Act's coverage.

The Morich and Fish matter and the Watson matter implicate *N.J.S.A.* 13:9B–4d(1), exempting projects for which preliminary site plan or subdivision applications received local preliminary approvals under the Municipal Land Use Law (MLUL), *N.J.S.A.* 40:55D–1 *et seq.*, prior to the effective date of the FWPA, July 1, 1988. The Loftus matter relates to *N.J.S.A.* 13:9B–4d(2), exempting projects for which preliminary site plan or subdivision application had been submitted before June 8, 1987.

The FWPA is designed "to preserve the purity and integrity of freshwater wetlands from random, unnecessary or undesirable alteration or disturbance . . . ." *N.J.S.A.* 13:9B–2. The objective is to be achieved by regulating commercial and residential property development through the Department of Environmental Protection and Energy (DEPE). A non-exempt landowner seeking to develop property in ways described by the Act is first required to obtain the permission of the DEPE.

On December 14, 1990, the Attorney General issued *Formal Opinion No. 3 (1990)* defining the scope of the FWPA's exemption provisions. On April 19, 1991, that opinion was modified in *Formal Opinion No. 3 (1990): Reprise*. A focus of the modification was the view that the *N.J.S.A.* 13:9B–4d(1) and (2) exemptions were to be strictly construed as covering only instances involving *preliminary* site plan or subdivision applications or approvals. Based upon the Attorney General's opinion, the DEPE

adopted a policy that site plan or subdivision applications that proceeded directly to final approval were not exempt from the requirements of the FWPA. As applied in practice, the result of this policy was to render the FWPA's exemptions inapplicable to minor subdivisions.

Appellants Morich and Fish had purchased a tract of land which had been the subject of a minor re-subdivision approval in Stafford Township on January 20, 1988, several months before the July 1, 1988 effective date of the FWPA. Their application for an FWPA exemption on March 8, 1991 was denied. In a letter dated June 10, 1991, the DEPE stated its policy, based upon the Attorney General's opinions, that "minor subdivisions do not qualify for exemption from the Act because they do not obtain preliminary approvals...." (emphasis deleted).

Appellant Watson owns a lot which was created by a minor subdivision approved by the Weymouth Township Planning Board on March 9, 1983, more than five years before the effective date of the FWPA. Development of the lot had been delayed, however. On January 15, 1991, an FWPA exemption was sought. The exemption was denied on May 10, 1991 for the same reason that was later given in the Morich and Fish matter.

Appellant Loftus had applied for a minor subdivision on November 17, 1986. The application was not perfected, and it was denied without prejudice by the Upper Saddle River Planning Board in a resolution dated March 26, 1987. A new application, substantially identical to the first, was filed on July 2, 1987, nearly a month after the *N.J.S.A.* 13:9B-4d(2) exemption date for application submissions. This application was also not perfected and was denied without prejudice on September 24, 1987. On this occasion, however, Loftus was given an opportunity to reinstate the application within 60 days, later extended to 120 days. On October 28, 1988, almost four months after the effective date of the FWPA, approval subject to conditions was granted.

Loftus' application for exemption from the FWPA was filed on January 18, 1991. The application was denied on May 23, 1991 on

the same grounds as the Morich and Fish and Watson matters, that the subdivision had been classified as minor and that minor subdivisions did not qualify for exemption.

We reverse the DEPE's denial of exemption to appellants Morich and Fish and to appellant Watson under *N.J.S.A.* 13:9B–4d(1). We affirm the denial of the exemption to appellant Loftus under *N.J.S.A.* 13:9B–4d(2).

In this case of statutory construction, *see Service Armament Co. v. Hyland,* 70 *N.J.* 550, 561, 362 *A.*2d 13 (1976), we reach our conclusions based upon our understanding of "the breadth of the objectives of the legislation and the commonsense of the situation" rather than upon "literalisms." *The Jersey City Chapter of the Property Owner's Protective Ass'n v. City Council of Jersey City,* 55 *N.J.* 86, 100, 259 *A.*2d 698 (1969); *In re Appeal of Adoption of N.J.A.C. 7:7A–1.4,* 240 *N.J.Super.* 224, 238, 573 *A.*2d 162 (App.Div. 1989) (Skillman, J.A.D., dissenting in part) *rev'd on dissent,* 118 *N.J.* 552, 573 *A.*2d 143 (1990).

The stated intent of the Legislature in crafting both exemptions was to recognize and balance "the rights of persons who own or possess real property affected by [the FWPA] ... with environmental interests...." *N.J.S.A.* 13:9B–2. A property owner who secures a minor subdivision approval receives the right to proceed in accordance with its terms and free of change in zoning requirements for a period of two years. *N.J.S.A.* 40:55D–47.

It is beyond dispute, as respondent contends, that when the Legislature conditioned exemption from the FWPA on the prior receipt of "preliminary approval" for a preliminary site plan or subdivision application, it was seeking to protect the interests of those who had expended substantial time, effort, and resources in perfecting a major subdivision application. The fact that this is so, however, does not require that we embrace the suggested corollary that the Legislature had no concern for the rights of property owners with minor subdivisions and intended to deny them any protection whatsoever from the strictures of the FWPA. There is no basis in the legislation itself for such a literal position.

Contrariwise, the Legislature's generally expressed intention to balance the rights of property owners with environmental interests bespeaks a broader objective.

Furthermore, to adopt respondent's position is to attribute to the Legislature the intent to achieve by indirection what could have been more plainly and easily achieved in a direct manner. The Legislature knows the difference between minor and major subdivisions. It cited the Municipal Land Use Law, *N.J.S.A.* 40:55D–1 *et seq.,* in the very provision at issue here. It would have been simpler and more direct to specify major subdivisions in the exemption if that limitation were intended.

It is far more logical to view the language at issue as evincing an intention to exempt all property owners who had reached a specified point in their plans for subdivision, the point of preliminary approval, at the time the FWPA became effective. Final approval is a point beyond and subsumes the concept of preliminary approval, even where preliminary approval, as such, is not a required step. Accordingly, since appellants Morich and Fish and appellant Watson had received subdivision approval prior to the effective date of the FWPA, they are protected by the exemption contained in *N.J.S.A.* 13:9B–4d(1).

Appellant Loftus, however, is in a different position. His application for a subdivision had not been approved before the effective date of the FWPA. His position rests upon the submission of his first application prior to June 8, 1987, the cut off date for exemptions based upon applications. It is clear that the Legislature's purpose in this regard was to exempt property for which applications were pending; not to extend the exemption to every person who had ever filed a subdivision application. When Loftus' first application, submitted on November 17, 1986, was not perfected, it was denied. Although the denial was "without prejudice," there was no pending matter before the planning board on June 8, 1987, the operative date for the exemption. The first application was not even subject to reinstatement within a specified period as occurred with the subsequent application which was

also denied because it had not been perfected. Appellant Loftus does not qualify for an exemption because he has failed, both literally and logically to meet the statutory requirement contained in *N.J.S.A.* 13:9B–4d(2).

The rulings of the DEPE in docket numbers A–5080 and A–5286 are reversed; and the matters are remanded for the issuance of exemptions from the requirements of the FWPA. The ruling of the DEPE in docket number A–5540 is affirmed.